**PLANT ECONOMY, INC., Appellant,**

v.

**MIRROR INSULATION COMPANY, Inc.,**
**Appellee.**

**No. 14101.**

United States Court of Appeals
Third Circuit.

Argued July 16, 1962.

Decided Sept. 26, 1962.

Philip G. Hilbert, New York City, for appellant.

Albert Sperry, Trenton, N. J., for appellee.

Before BIGGS, Chief Judge, and HASTIE and GANEY, Circuit Judges.

BIGGS, Chief Judge.

The defendant, Mirror, has filed a motion to docket and dismiss an appeal by the plaintiff, Plant, from a final judgment in defendant's favor. The motion alleges that the appeal was not taken within thirty days after the entry of the judgment as required by rule 73(a), Fed.R. Civ.Proc., 28 U.S.C., and that the order of the court below extending the period for taking the appeal was void and of no effect. Since the appeal has now been docketed [1], we consider only whether the appeal must be dismissed.

The judgment appealed from was entered on March 30, 1962, and, being final, was appealable. 28 U.S.C. § 1291. The notice of appeal was filed in the District Court on May 28, 1962. This was long after the expiration of the 30-day appeal period fixed by 28 U.S.C. § 2107 and Rule 73(a).[2]

On May 8, 1962, however, Plant filed a motion, supported by affidavits, in the court below for an extension of the appeal period to May 29, 1962, on the ground that its failure to file a timely appeal was due to excusable neglect since it was not until May 3, 1962 that it learned of the entry of the judgment.[3] On May 8, 1962, without prior notice to Mirror of the filing of the motion or of any hearing in respect to it, the extension was granted and an order was entered. It recited that Plant's motion had been made "for good cause and that plaintiff's failure to [appeal] within the period originally prescribed was the result of excusable neglect". A copy of the order was mailed to Mirror on the same day and was received by it in due course.[4]

■ The order of May 8, 1962 was ineffective to extend the appeal period. An extension of time for the taking of an appeal, granted *ex parte* after the expiration of the original appeal period, is inconsistent with provisions of Rule 6(b) and Rule 6(d).[5] Before the expiration

1. The appeal was docketed on July 6, 1962, the same date on which the present motion was filed upon the payment of the required fee by Plant.

2. Rule 73(a), Fed.R.Civ.Proc., 28 U.S.C., states in part:
   "When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed. * * * *"
   28 U.S.C. § 2107 is substantially similar.

3. While the motion makes no mention of either 28 U.S.C. § 2107 or Rule 73(a), they were undoubtedly the basis of plaintiff's action. See footnote 2, supra.

4. The docket entry of May 8, 1962 reads:
   "Order extending time to appeal to May 29, 1962, filed (Lane) Notice mailed."
   In the brief of Mirror it is stated at p. 3:
   "The first knowledge of the Court's action in connection with such motion, which was received by appellee, was gained upon the receipt of the order of

the Court dated May 8, 1962 granting said motion."

5. Rule 6(b) states:
   "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 25, 50(b), 52(b), 59(b), (d) and (e), 60(b), and 73(a) and (g), except to the extent and under the conditions stated in them."
   Rule 6(d) states:
   "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with

of the original thirty-day period, the court could have extended the appeal period with or without motion or notice. But since no order extending the appeal period was made until after the thirty-day period had expired, the court was without authority to act *ex parte*. This was the conclusion reached in North Umberland Mining Co. v. Standard Acc. Ins. Co., 193 F.2d 951, 952 (9 Cir. 1952) based upon reasons which appear to us to be unassailable.[6] Cf. Swindell-Dressler Corp. v. Dumbauld et al., 308 F.2d 267 (3 Cir. 1962). It follows that the appeal filed on May 29 was too late unless something done thereafter in the court below cured the infirmity.

■ On June 4 Mirror filed a motion in the court below to dismiss the appeal upon the ground that it had not been filed in time and that the *ex parte* order of May 8 was void and of no effect. This motion was heard, after notice to plaintiff, on June 25. During the argument the court acknowledged that it should have held a hearing before entering the order extending the period of appeal, but said that if its order was "void ab initio"

as was held in North Umberland Mining Co. v. Standard Acc. Ins. Co., supra, then the filing of the notice of appeal was a nullity and was ineffective to divest the District Court of jurisdiction to proceed further in the case.[7] Accordingly, the court stated that it would rectify any possible error in the granting of the *ex parte* extension order by proceeding to hear counsel for both parties argue whether plaintiff's failure to take an appeal within the initial thirty-day appeal period was due to excusable neglect warranting an extension of the time to appeal. The court then found, as we have stated, that failure to appeal within the original thirty-day period was due to excusable neglect. It concluded the hearing by saying: "Gentlemen, submit an order that we deny defendant's motion for attorneys' fees[8], and that since defendant has shown excusable neglect, an appeal should be allowed in the Plant Economy decision."

■ No written order allowing an appeal out of time was made by the court below. The court spoke no words of such a kind as would suggest an intention on

the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time."

6. The District Court, at the hearing held on June 25, 1962, which is discussed later in the opinion, admitted the incorrectness of entering the extension order *ex parte*. Speaking of its action it said (Transcript p. 12): "I think I should have held a hearing."

Speaking of the order the District Court stated: "[I]t is ab initio defective. I have already said that. I realize that."

7. It is a general rule, subject to some qualifications, that an appeal suspends the power of the court below to proceed further in the case. Hovey v. McDonald, 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888 (1883). One exception, in both civil and criminal cases, is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable. Riddle v. Hudgins, 58 F. 490, 493 (8th Cir.1893); Euziere v. U.

S., 266 F.2d 88 (10th Cir.1959), reversed on other grounds 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720 (1960); Resnik v. La Paz Guest Ranch, 289 F.2d 814, 818 (9th Cir.1961); U. S. v. Crescent Amusement Co., 323 U.S. 173, 177–178, 65 S.Ct. 254, 89 L.Ed. 160 (1944). Cf. Healy v. Pennsylvania R. Co., 181 F.2d 934, 936–937 (3d Cir.1950), cert. den. 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674 (1951). An appeal from a non-appealable judgment or order is sometimes characterized as a "nullity". U. S. v. Crescent Amusement Co., supra, 323 U.S. p. 177, 65 S. Ct. p. 256; Euziere v. U. S., supra, 266 F.2d p. 91.

Because of our views about the proceedings on June 25, later expressed in the text of the opinion, it is unnecessary to decide whether the filing of the abortive notice of appeal on May 29 deprived the trial court of jurisdiction to proceed further. Resnik v. La Paz Guest Ranch, supra, 289 F.2d p. 818, intimates that jurisdiction is lost only when the appeal is timely.

8. This motion had also been heard on June 25, 1962 immediately prior to the motion of defendant to dismiss the appeal.

its part that its opinion should serve as an order. Cf. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232–233, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958). On the contrary the court by the very words quoted above made it plain that an order should be submitted by counsel.[9] No order remained on the record but the void order of May 8, 1962, entered *ex parte.* But even if the court below had entered a written order on June 25, 1962 purporting to allow Plant to appeal out of time it would have been without the jurisdiction, the power, to have entered a valid order of extension. The time limits prescribed by Rule 73(a) are precise and definite. It authorizes a trial court to "extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed." See note 2, supra. Final judgment was entered, as we have said on March 30, 1962. Eighty-seven days elapsed before the court below on June 25, 1962, indicated that it would extend Plant's time for taking its appeal. The court was then without power to enter a valid order of extension. It follows that nothing which was done after the filing of the appeal on May 29 cured its then existing infirmity of untimeliness.

The views which we have expressed make it unnecessary for us to consider whether the failure of the Plant to take an appeal was due to excusable neglect based upon its failure to learn of the entry of the judgment appealed from.

■ We recognize that the Federal Rules of Civil Procedure must be construed liberally to bring about a just, speedy and inexpensive determination of every action. Any requirement of compliance with barren technical formalities is to be avoided. But it cannot be denied that certain formalities are indispensable if litigation is to be just, speedy and inexpensive. This fundamental and most important objective can be achieved only by adherence to rather than rejection of the rules. Healy v. Pennsylvania R. Co., supra, 181 F.2d at pp. 934, 937.

■ Since notice of appeal was not filed until after the expiration of thirty days from the entry of the judgment appealed from, and no effective action was taken in the court below to extend the appeal period, we do not possess the power to entertain the appeal. Consequently, it will be dismissed for lack of jurisdiction.

9. As stated in the body of this opinion no written order was made by the court after its oral opinion was rendered. This would not necessarily have deprived its oral opinion from having the effect of an order provided the court clearly intended its opinion to be its final act in adjudicating or disposing of the matter before it. See United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232–233, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958). But the court's request for the submission of an order allowing the appeal indicated that it did not intend that its opinion should have the status of an order.

In the federal courts an opinion is not a part of the record proper. A statement in an opinion of the conclusion reached by a court, even though couched in mandatory terms, should not serve as an order or judgment of the court. It is most desirable in order to avoid the confusion so apparent in the present record that a definitive order or judgment be made and entered in the court's docket. In re D'Arcy, 142 F.2d 313, 315 (3 Cir. 1944). Since no order was made on the opinion, the court made no effective disposition of the matter before it. Healy v. Pennsylvania R. Co., 181 F.2d 934, 936 (3 Cir.1950), cert. den. 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674 (1951).

The entry which was made in the docket on June 25 does not affect our views. That entry reads: "6–25–62 Hearing on Motion to Dismiss Notice of Appeal * * * Ordered Motion denied".

The making of a docket entry was an erroneous ministerial act of the clerk. United States v. Rayburn, 91 F.2d 162, 164 (8th Cir.1937). Since, in fact, no order had been made denying defendant's motion, the docket entry possesses no legal effect.