Lavina **TOROCKIO** et al., Appellants,

v.

**CHAMBERLAIN MFG. CO., a corp., et al.**

No. 71-1832.

United States Court of Appeals,
Third Circuit.

Submitted Sept. 20, 1971.

Submitted Dec. 14, 1971.

Decided March 13, 1972.

Harry Alan Sherman, Pittsburgh, Pa., for appellant.

Thomas M. Kerr, Pittsburgh, Pa., for appellee, United Electrical, Radio and Machine Workers of America.

Daniel M. Berger, Berger & Kapetan, Pittsburgh, Pa., for appellee, United Electrical, etc. and Local 624.

Robert Z. Lewis, United Electrical Radio & Machine Workers of America, New York City, for appellee, United Electrical, etc.

Robert W. Lees, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for appellee, Chamberlain Mfg. Corp.

Submitted Sept. 20, 1971.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

Submitted Dec. 14, 1971.

Before SEITZ, Chief Judge, and VAN DUSEN, ALDISERT, ADAMS, GIBBONS, MAX ROSENN, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The appellee moves in this court to dismiss an appeal as untimely filed. The appeal is from an order of the district court dated June 8, 1971, 328 F.Supp. 578, which dismissed a class action charging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1964) on the ground that the action had not been filed within thirty days after notice of the right to sue by the Federal Equal Employment Opportunities Commission. § 706(e), 42 U.S.C. § 2000e–5(e). Plaintiffs' notice of appeal was not filed until June 28, 1971, some nineteen days after the time prescribed in Fed.R.App.P. 4(a). On June 30, 1971, however, plaintiffs filed in the district court a "Petition for Reconsideration and Review and Reinstatement of Complaint." If this pleading, properly construed, was a motion either under Rule 52(b) or under Rule 59, Fed.R.Civ. P., it did not toll the time for filing a notice of appeal, because it was not filed within the ten day period prescribed in those rules. Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858 (3d Cir. 1970); Gainey v. Brotherhood of Railway & Steamship Clerks, 303 F.2d 716 (3d Cir. 1962). The thirty day period for taking an appeal is mandatory and jurisdictional. Fitzsimmons v. Yeager, 391 F.2d 849 (3d Cir. 1968), cert. denied, 393 U. S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968)

The district court, by an order dated July 7, 1971 denied plaintiffs' Petition for Reconsideration, Review and Reinstatement of Complaint, not on the ground that it was untimely, but on the ground that "because the dismissal of the above-captioned civil action was without prejudice, there is no necessity to reinstate the complaint therein." The Petition which the July 7, 1971 order denied set forth the fact that although a notice from the Equal Employment Opportunities Commission, addressed to one of the plaintiffs and annexed to the complaint as an exhibit, was issued more than thirty days before the Complaint was filed another notice, addressed to a different plaintiff, was issued on April 25, 1969. The Complaint was filed on September 11, 1968. The point of the petition, which apparently escaped the attention of the district court, was that an appropriate class action plaintiff with a timely notice was before the court when the complaint was dismissed. The necessity for reinstating the complaint arose from the fact that by July 28, 1971 more than thirty days had passed since the issuance of the second E.E. O.C. notice. § 706(e), 42 U.S.C. § 2000e–5(e).

The notice of appeal is from the June 8, 1971 order dismissing the complaint, not from the July 7, 1971 order denying the petition to reinstate the complaint.

On July 26, 1971 the plaintiffs attempted to file an amended complaint referring to the second notice from the E.E.O.C. The district court refused to permit its filing. The record before us does not contain any order with respect to the amended complaint, so we do not know the reason for the district court's action. We can speculate, however, that as in the case of the July 7, 1971 order, the district court assumed that "because the dismissal of the civil action was without prejudice" there was no necessity to reinstate the original complaint by an amendment alleging the timely E.E. O.C. notice.

Thus at this posture we have before us a class action sex discrimination

claim, as to which the E.E.O.C. found reasonable cause to believe a violation had taken place, which was dismissed as untimely under § 706(e), 42 U.S.C. § 2000e–5(e), even though one of the plaintiffs did not receive notice from the E.E.O.C. until after the suit was filed. Under these circumstances and considering the remedial public policy of the statute, the suit may well have been timely. *See, e. g.,* McQueen v. E.M.C. Plastic Co., 302 F.Supp. 881 (E.D.Tex. 1969). *But cf.* Cox v. United States Gypsum Co., 409 F.2d 289, 291 (7th Cir. 1969). We do not decide that issue, however, on the scanty record before us.

The district court has not had an opportunity to consider whether, in the circumstances outlined above, it would on July 28, 1971 have considered favorably an application, pursuant to Fed.R. App.P. 4(a), for an extension of the time within which a notice of appeal might be filed. That rule provides:

> "Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

The notice of appeal was filed within the time to which the district court might have granted an extension. No motion was made within that thirty day period, however, and the untimeliness of the notice of appeal, filed without dis-

trict court approval, was called to the attention of this court after the expiration of both thirty day periods prescribed by Fed.R.App.P. 4. Thus this case poses the issue whether at this time any power remains in the district court to approve *nunc pro tunc* the filing of the notice of appeal on July 28, 1971.

Commentators have suggested that Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275, 278 (3d Cir. 1962) prohibits such a result. The court considering a similar problem arising under Fed.R.Civ.P. 73(a) said:

> "The [district] court was then· [87 days after entry of judgment] without power to enter a valid order of extension."

When Fed.R.App.P. 4(a) superseded Fed.R.Civ.P. 73(a) the language of the former rule was changed.[1] The Notes of the Advisory Committee on Appellate Rules, Fed.R.App.P. 4(a), suggests, however, and commentators have assumed that the difference in language between Fed.R.Civ.P. 73(a) and Fed.R. App.P. 4(a) was not intended to affect a change in the above quoted holding of the *Plant Economy* case. *See, e. g.,* 9 J. Moore, Federal Practice ¶ 204.13(2) (2d ed. 1970). If *Plant Economy* continues to control, the untimeliness of the July 28, 1971 notice of appeal must be considered irremedial at this time.

■■ We note that unlike most other time limits prescribed by the Federal Rules, which turn on service,[2] timeliness of a notice of appeal turns on filing. Fed.R.App.P. 3(d) requires the clerk of the district court to notify the appellee of the filing. The rule, however, imposes no duty on the clerk to notify the appellant in civil cases, although it does require a service of notice on a defendant-

---

1. At the time of the *Plant Economy* decision Fed.R.Civ.P. 73(a) provided in pertinent part:

   "When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal shall be taken shall be 30 days from the entry of the judgment appealed from . . . except that upon a showing

of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."

2. *See, e. g.,* Fed.R.Civ.P. 12(a), 15(a), 31 (a), 38(b), 56(a), 59(c).

appellant in criminal cases. Thus quite conceivably an appellant could mail a notice of appeal to the clerk sufficiently in advance of the expiration of the first thirty day period to expect timely filing in the normal course of mail delivery, but the notice, delayed in the mail, might arrive and be filed untimely. Since the clerk has no duty to notify the appellant of the date of filing he could remain ignorant of the need to make a motion pursuant to Rule 4(a) until after the expiration of the second thirty days. We do not think Rule 4(a) contemplated the result, in such circumstances, that no court could remedy the defect. We hold, therefore, that if, as here, a notice of appeal is filed more than thirty but less than sixty days after the entry of the judgment appealed from the district court may at any time consider a motion to validate the filing within the second thirty days for excusable neglect. To the extent that Plant Economy, Inc. v. Mirror Insulation Co., *supra,* holds otherwise that case is overruled. This is not to suggest that a belated notice of appeal which has not been so validated by the district court will qualify the appeal for consideration by this court. Moreover, where such a motion is made more than sixty days after the entry of judgment the district court may, of course, take into account the expiration of time between the entry of judgment and the making of the motion in determining whether possible prejudice to the appellee from such delay would justify its denial.

 Since we are remanding it is possible that the district court may reconsider its order of July 7, 1971 and its decision not to permit the filing of an amended complaint. If an amended complaint is filed, an appeal to this court will be avoided, at least until the case has been decided on the merits.

The case will be remanded to the district court for consideration of a motion, to be promptly filed, pursuant to Fed.R. App.P. 4(a) to approve *nunc pro tunc*

the filing of a notice of appeal on July 28, 1971, and for such other proceedings as the district court may find appropriate.