**UNITED STATES of America**

v.

**William McKNIGHT, Appellant.**

**No. 78–1626.**

United States Court of Appeals, Third Circuit.

Submitted Dec. 12, 1978.

Decided Feb. 21, 1979.

William McKnight, pro se.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, App. Section, Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT, ADAMS, and HIGGINBOTHAM, Circuit Judges.

### OPINION OF THE COURT

ALDISERT, Circuit Judge.

We are asked to review the district court's denial of a motion made under 28 U.S.C. § 2255 by appellant McKnight to vacate the sentence imposed upon his conviction for federal narcotics law violations. Because the notice of appeal was not sea-

---

**13.** As we have previously noted, Graves' whereabouts being unknown, we are uncertain as to his present prison and probation status, particularly as it may affect his Virgin Islands sentence. If for no other reason, this alone would prevent us from considering any suggestion that the sentencing issue is moot.

**14.** We naturally assume the district court will comply with all other relevant requirements pertinent to resentencing. *See Ex Parte Lange*, 85 U.S. 163, 18 Wall. 163, 21 L.Ed. 872 (1874); *United States v. Gomez, supra.*

We note that Graves' presence at reduction of sentence proceedings is not required by Fed. R.Crim.P. 43(c)(4).

sonably filed in the district court, however, we must dismiss the appeal.[1]

### I.

The appellant was charged in a March 1975 indictment with fourteen violations of federal narcotics law, 21 U.S.C. § 841. Although the case was originally listed for trial in November 1975, appellant failed to appear and was a fugitive from justice for more than a year. Following his arrest, appellant entered a plea of guilty to all fourteen counts. He was sentenced to thirty years imprisonment and a special parole term of five years. He subsequently filed a motion to set aside his guilty plea and to reconsider his sentence which was denied by the district court after appointment of counsel and a hearing on the matter.

Appellant then filed a petition[2] under § 2255 which gave rise to this appeal. No evidentiary hearing was held; the district court ruled that appellant's entry of a guilty plea precluded collateral review of most of his arguments and that the remaining claims were without merit. Accordingly, the district court entered an order denying appellant's motion on December 21, 1977. Because the United States was a party to the action, the time for filing an appeal ran for sixty days, or until February 21, 1978.[3] On March 16, 1978 a letter-notice of appeal was received in this court and forwarded to the district court which received it on March 20, 1978. The notice was received after the expiration of the sixty-

day period, but within thirty days thereafter. It was thus received within the period during which the district court, upon a showing of excusable neglect, may extend the time for filing the notice of appeal.[4] See Fed.R.App.P. 4(a).

The time limit set forth in Rule 4(a) is both "mandatory and jurisdictional." *Browder v. Director, Department of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). This court, then, may rule upon the merits of this appeal if, but only if, a determination of excusable neglect has been properly entered by the district court. We must therefore consider the proper course to follow when this court's appellate jurisdiction rests upon an unresolved question of fact which may only be settled by a district court judge.

### II.

We begin our analysis with the decision of this court in *Torockio v. Chamberlain Manufacturing Co.*, 456 F.2d 1084 (3d Cir. 1972) (in banc). In *Torockio*, as in the case at bar, the notice of appeal had been filed "within the time to which the district court might have granted an extension" had the appellant made a showing of excusable neglect. *Id.* at 1086. A motion to dismiss the appeal on grounds of untimeliness presented this court with the issue "whether at this time any power remains in the district court to approve *nunc pro tunc* the filing of the notice of appeal . . . .." *Id.* We observed that the question would require re-

---

1. Although neither party has raised the question of jurisdiction, we are always required to examine our own jurisdiction before deciding the merits of an appeal. *United States ex rel. Esola v. Groomes*, 520 F.2d 830, 834 n. 16 (3d Cir. 1975).

2. McKnight's pro se petition alleged numerous grounds for relief. He claimed that his conviction was obtained as a result of an unlawfully induced guilty plea; that the conviction was based upon a coerced confession subsequently admitted into evidence in violation of his fifth amendment rights; that evidence was improperly obtained as the result of an unlawful arrest and an unlawful search; that a subsequent unlawful arrest on unrelated charges improperly influenced his federal prosecution; that he had been subject to "cruel and unusual punishment" at the time of his arrest; that he re-

ceived ineffective assistance of counsel; and that his federal prosecution was barred by the double jeopardy clause.

3. See Fed.R.App.P. 4(a), 26(a). Since proceedings under § 2255 are civil in nature, the time limits for filing a notice of appeal in civil cases are applicable. See *Fitzsimmons v. Yeager*, 391 F.2d 849, 851 (3d Cir.) (in banc), *cert. denied*, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968). The 60-day appeal period ended on Sunday, February 19, 1978 and the following day was a legal holiday. Therefore, as provided in Fed.R.App.P. 26(a), the appellant had until February 21 to file a notice of appeal.

4. In this case, the 30-day period expired on March 23, 1978.

view of a prior Third Circuit decision in light of a change in the controlling appellate rules:

> Commentators have suggested that *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 278 (3d Cir. 1962) prohibits such a result. The court considering a similar problem arising under Fed. R.Civ.P. 73(a) said:
>
>> "The [district] court was then [87 days after entry of judgment] without power to enter a valid order of extension."
>
> When Fed.R.App.P. 4(a) superseded Fed. R.Civ.P. 73(a) the language of the former rule was changed. The Notes of the Advisory Committee on Appellate Rules, Fed.R.App.P. 4(a), suggests, however, and commentators have assumed that the difference in language between Fed.R.Civ.P. 73(a) and Fed.R.App.P. 4(a) was not intended to affect a change in the above quoted holding of the *Plant Economy* case. *See, e. g.*, 9 J. Moore, Federal Practice Par. 204.13(2) (2d ed. 1970). If *Plant Economy* continues to control, the untimeliness of the July 28, 1971 notice of appeal must be considered irremediable at this time.

*Id.* (footnote omitted).

Recognizing that the rules did not require the clerk of court to notify an appellant of the date on which his notice of appeal was filed, we observed in *Torockio* that a party "could remain ignorant of the need to make a motion pursuant to Rule 4(a) until after the expiration of the second thirty days." *Id.* at 1087. Because such an inequitable result did not seem consistent with the appellate rules, we held that

> if, as here, a notice of appeal is filed more than thirty but less than sixty days after the entry of the judgment appealed from the district court may *at any time* consider a motion to validate the filing within the second thirty days for excusable neglect. To the extent that *Plant Economy, Inc. v. Insulation Co., supra,* holds otherwise that case is overruled.

*Id.* (emphasis added). Because *Torockio* overruled prior case law in this circuit, we remanded the record to the district court to consider the excusable neglect question.

The issue before us today is whether we should extend *Torockio* to require a remand whenever this court is confronted by a record presenting the question of fact, resolvable only in the district court, of whether excusable neglect would warrant the tardy filing of a notice of appeal.[5] We do not believe we have the *power* to remand the case to the district court.[6] Chief Justice

---

5. This course of action has been followed by several circuit courts under similar circumstances. *See, e. g., Stirling v. Chemical Bank,* 511 F.2d 1030 (2d Cir. 1975); *Craig v. Garrison,* 549 F.2d 306 (4th Cir. 1977); *United States v. Umfress,* 562 F.2d 359 (5th Cir. 1977); *Reed v. Michigan,* 398 F.2d 800 (6th Cir. 1968); *Seshachalam v. Creighton University School of Medicine,* 545 F.2d 1147 (8th Cir. 1976); *United States v. Stolarz,* 547 F.2d 108 (9th Cir. 1976); *Alley v. Dodge Hotel,* 163 U.S.App.D.C. 320, 501 F.2d 880 (1974); *but see Brainerd v. Beal,* 498 F.2d 901 (7th Cir.), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1974).

   A related question was presented to this court in *Rothman v. United States,* 508 F.2d 648 (3d Cir. 1975). In *Rothman,* however, there was conflicting evidence in the record as to whether the notice of appeal to this court had been filed during the normal appeal period rather than the additional 30-day period discussed in *Torockio.* We remanded in *Rothman* in order to allow the district court to determine if the appellant had done "all that could reasonably be expected" to file his notice of appeal properly. *Rothman, supra,* at 652. In a footnote, the *Rothman* court suggested that should the district court find that the notice of appeal was not filed in time, the appellant "may wish to file a motion requesting the district court to validate *nunc pro tunc* the filing of his notice of appeal for 'excusable neglect.'" *Id.* at 652 n. 25.

6. The inappropriate nature of a remand in such cases becomes clearer if one considers the possibility that the district court may find that excusable neglect has not been shown, and therefore this court was at all times without jurisdiction over the appeal. If the court of appeals lacked jurisdiction over the subject matter of the appeal, as distinguished from the authority to consider the threshold question of appellate jurisdiction, then it is obvious that the court of appeals never had the power to remand the proceeding to the district court.

Chase concisely stated the controlling precept more than a century ago: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

We add, however, that our dismissal of the appeal is without prejudice to an application by McKnight in the district court for a ruling upon the question of excusable neglect.[7] Furthermore, should such a determination be made in the appellant's favor, our dismissal today clearly will not affect his subsequent appeal to this court or an eventual ruling upon the merits of his § 2255 petition; the doctrine of res judicata, which only attaches to final judgments upon the merits of a case or controversy, would be inapplicable to a subsequent appeal. *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Hubicki v. ACF Industries, Inc.,* 484 F.2d 519, 524 (3d Cir. 1973).

The appeal will be dismissed.

ADAMS, Circuit Judge, dissenting.

I agree with the majority that this Court does not have jurisdiction to consider the merits of this appeal at this time. My only disagreement is whether this Court has the power to remand the case to the district court so that that court may determine whether appellant's failure to file his appeal within the sixty-day period allowed by Rule 4(a) may be explained as excusable neglect and the appeal validated in accordance with that rule. In my view, a remand is both within our power and, on the facts here, appropriate.

Appellant William McKnight is presently serving a thirty year sentence after pleading guilty to certain narcotics charges. He sought relief from the district court by filing a 28 U.S.C. § 2255 petition, but such relief was denied on December 21, 1977. McKnight, who has a sixth-grade education and is pursuing this collateral attack without the benefit of an attorney, has alleged in a letter to this Court, dated March 13, 1978, that he did not receive a copy of the district court order denying him relief until that date. He thereupon immediately informed this Court that he wished to appeal, but the regular sixty-day period for filing such an appeal had passed even before he had been notified of the district court order. If these statements are true, excusable neglect might well be demonstrated and, given the *pro se* status of this appellant, the record would seem clearly to raise this possibility. Of course, this Court is not obliged to remand every case in which a notice of appeal is filed after the regular period for appeal but within the thirty-day extension within which an appeal may be validated upon a finding of excusable neglect. But where, as here, an allegation of excusable neglect appears on the record, such a remand to ascertain facts upon which jurisdiction might rest would appear to be in order.

If excusable neglect is found, then we have jurisdiction; if, on the other hand, excusable neglect cannot be shown, then we do not have jurisdiction. Because Rule 4(a) assigns the task of determining excusable neglect to the district court, our jurisdiction over this appeal is uncertain until the district court makes the necessary finding. But we do have jurisdiction, meanwhile, for the limited purpose of determining whether jurisdiction exists, and this limited jurisdiction would support a remand here to permit such a finding to be made.[1]

The majority, in dismissing the appeal rather than remanding to the district court, concludes that remand is beyond our authority because, if the district court were to

---

7. Rule 4(a) provides that "if a request for an extension is made after [the original period for filing a timely notice of appeal] has expired, it shall be made by motion with such notice as the court shall deem appropriate."

1. *United States v. United Mine Workers,* 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Des Moines Navigation and Railroad Co. v. Iowa Homestead Co.,* 123 U.S. 552, 559, 8 S.Ct. 217, 31 L.Ed. 202 (1887).

find that excusable neglect had not been shown, this Court would have been at all times without jurisdiction over the appeal and thus would not have had the power to remand.[2] This conclusion, however, ignores the limited nature of our power to establish whether or not we have jurisdiction. If the district court determines that excusable neglect cannot be shown, such a finding answers the question of appellate jurisdiction and this Court's authority over the appeal would be at an end. On the other hand, a finding by the district court that excusable neglect has been shown would establish this Court's jurisdiction, and we could then proceed to consider the merits of the appeal.

A remand for the limited purpose of ascertaining facts upon which the question of jurisdiction turns is not a novel exercise of authority by a federal appellate tribunal. As the majority concedes, it is a practice that has been followed at one time or another by nearly every federal court of appeals.[3] More importantly, until today it was a procedure employed by this Court. *Torockio v. Chamberlain Manufacturing Co.*, 456 F.2d 1084 (3d Cir. 1972) (en banc); see *Rothman v. United States*, 508 F.2d 648 (3d Cir. 1975).[4]

In the present case the decision to dismiss, rather than remand, may or may not have great significance to this appellant. As the majority observes, McKnight may still make an application to the district court for a ruling upon the question of excusable neglect even after this appeal is dismissed. Then, if successful before the district court, he may appeal to this Court and have his appellate hearing on the merits of his petition.

2. Majority opinion at n. 6.

3. Majority opinion at n. 5.

4. The majority suggests that we remanded in *Torockio* because that case overruled prior case law in this Circuit. Although it is true that *Torockio* overruled a prior case, that was not the basis for the remand there, and there appears to be no reason for distinguishing the procedure employed by the Court *en banc* there from the majority's disposition here. Indeed, if the district court in *Torockio* were to have

Whether this opportunity will be available in practice to all future appellants, however, is open to question. In view of the custom of this and other courts of frequently dismissing appeals with one sentence orders it may be that some *pro se* litigants will not adequately be put on notice of their possible remedy in the district court. In such event, the practice adopted today may in some future cases hamper us in adequately assuring *pro se* appellants the fullest opportunity to present their appeals—an opportunity which, I believe, we should be at pains to preserve.

concluded that excusable neglect was not present, the limited jurisdiction of this Court would have ended just as it would end here upon such a finding. This possibility was recognized by this Court in *Torockio*: "This is not to suggest that a belated notice of appeal which has not been so validated by the district court will qualify the appeal for consideration by this Court." 456 F.2d at 1087. There, as here, the remand was justifiable only in order to determine whether there was jurisdiction over the merits.