762 F.2d 288
 2 Fed.R.Serv.3d 116
 Zelig HERMAN, Heather Herman, Joshua Herman, an infant by
his guardian ad litem Zelig Herman, Felicia Herman, an
infant by her guardian ad litem Zelig Herman, and Rachel
Herman by her guardian ad litem Zelig Herman
v.
The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA.
Appeal of Zelig HERMAN.
 No. 84-5699.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
 May 1, 1985.
Decided May 21, 1985.
 
 Before SEITZ, WEIS, and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The plaintiffs appeal from a final order entered by the district court on February 24, 1984, dismissing their complaint filed in a diversity action against the Guardian Life Insurance Company of America. The plaintiffs filed their notice of appeal on March 29, 1984, having previously sent it inadvertently to the New Jersey Superior Court. Under date of April 9, 1984, the Clerk of this court notified counsel for the plaintiffs that the notice of appeal was not filed within the thirty day time limit prescribed by Rule 4 of the Federal Rules of Appellate Procedure. Inexplicably, the plaintiffs failed to move in the district court for an extension of time to file a later notice of appeal as permitted by Fed.R.App.P. 4(a)(5). On May 4, 1984, this court entered an order dismissing the appeal as untimely, without prejudice to the appellants to apply to the district court for relief. However, the plaintiffs did nothing until August 3, 1984, when they filed a notice of motion to "validate the previous filing of notice of appeal" or alternatively for an "extension of time to file a notice of appeal." On September 10, 1984, the district court by oral opinion denied plaintiffs' motions and on September 26, 1984, entered a formal order to that effect. The plaintiffs thereupon appealed to this court.
 
 
 2
 The plaintiffs, relying on Torockio v. Chamberlain Manufacturing Co., 456 F.2d 1084 (3d Cir.1972), contend that the filing of the notice of appeal within the additional thirty day period permitted by Fed.R.App.P. 4(a)(1) may be validated by a subsequent order of the district court even when the application for such validation is made subsequent to the expiration of the additional thirty-day period. The district court declined to follow the Torockio decision on the ground that the subsequent 1979 amendments to Rule 4 of Fed.R.App.P. made that decision no longer applicable.
 
 
 3
 Prior to the amendment of Rule 4(a), this court, as well as others, were "generally willing to treat a tardy notice of appeal as the substantial equivalent of a motion to extend the time for filing on the ground of excusable neglect." Wyzik v. The Employee Benefit Plan of Crane Co., 663 F.2d 348, 348 (1st Cir.1981). The 1979 amendment to the Rule, however, drastically altered a flexible application of the Rule. As amended, the first sentence of Fed.R.App.P. 4(a)(5) provides: "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Thus, the filing of a motion is expressly required to obtain an extension of time. As explained by the Advisory Committee on Appellate Rules, "[t]he proposed amendment would make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time, and that if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days measured from the date on which the order granting the motion is entered." Fed.R.App.P. 4(a)(5) advisory committee note (concerning 1979 amendment).
 
 
 4
 Thus, it is clear that a motion to extend the time must be filed no later than thirty days after the expiration of the original appeal period before a court of appeals can exercise jurisdiction over the appeal. Shah v. Hutto, 722 F.2d 1167, 1168 (4th Cir.1983) (en banc), cert. denied, --- U.S. ----, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984); Campbell v. White, 721 F.2d 644 (8th Cir.1983) (notice of appeal received on thirty-second day after entry of judgment could not be considered as a motion for extension of time to appeal); Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983); Wyzik v. The Employee Benefit Plan of Crane Co., supra. Here, the plaintiffs did not move in the district court for an extension of time until August 3, 1984, more than five months after the order granting summary judgment. As the district court observed, the appellants have engaged in multiple violations of Rule 4. They failed to file a timely notice of appeal with this circuit and failed to act timely to cure the jurisdictional defect after having been apprised of it by the clerk of this court in ample time to comply. Finally, they delayed more than three months after the court's dismissal of the appeal in filing their remedial motion in the district court.
 
 
 5
 We regret that the dilatoriness of counsel for the appellants renders it impossible for us to afford them any relief, for neither the notice of appeal nor the Rule 4(a)(5) remedial motion were filed within the prescribed time constraints. The district court correctly denied the motion to validate the previous filing of the notice of appeal or alternatively for an extension of time to file a notice of appeal.
 
 
 6
 Accordingly, the order of the district court denying the motion will be affirmed and the clerk of this court is also directed to send a copy of this opinion directly to the plaintiff guardian ad litem.