

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2002

# USA v. Simms

Precedential or Non-Precedential:

Docket No. 01-1256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Simms" (2002). *2002 Decisions.* Paper 255.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/255

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

NO. 01-1256

UNITED STATES OF AMERICA

v.

EDDIE SIMMS, a/k/a "DJ"

Eddie Simms,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Crim. No. 00-cr-00032)
District Judge:  Hon. Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
April 4, 2002

Before:  SLOVITER, BARRY and ALARC N*, Circuit Judges

(Filed   April 8, 2002)

OPINION OF THE COURT

_____

*    Hon. Arthur L. Alarc¢n, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation. SLOVITER, Circuit Judge.

Eddie Simms was indicted in the United States District Court for the Middle
District of Pennsylvania on five counts of distribution or possession with intent to
distribute crack cocaine.  Simms pled guilty pursuant to a negotiated plea agreement to a
superseding information charging two counts of interstate travel in aid of racketeering in
violation of 18 U.S.C.   1952(a)(3).  Simms was sentenced to 120 months imprisonment.
He did not file a timely appeal, but moved for an extension of time to file his notice of
appeal.  The District Court denied the motion and also denied his motion for
reconsideration.  Simms appeals.

I.

The District Court's judgment sentencing Simms to 120 months imprisonment was
entered on the docket on October 16, 2000.  Simms had ten days from the entry of
judgment on the docket, or until October 26, in which to file a notice of appeal.  See Fed.
R. App. P. 4(b)(1)(A)(i), 4(b)(6).  Simms concededly missed the deadline, and instead
filed pro se a "Request for Leave to File Out of Time Appeal" on November 6, 2000.
Under the applicable federal rule, a district court may extend the time to file a notice of
appeal by up to thirty days "[u]pon a finding of excusable neglect or good cause."  Fed. R.
App. P. 4(b)(4).  In his first motion, Simms stated that he "believes that there is excusable
neglect sufficient to invoke the rule.  He alleges that neglect is reflected in defense
counsel's failure to file the requested notice."  He requested "leave in the interest of
fairness and justice." On December 8, 2000, the District Court issued an order denying

Simms' request "for failure to demonstrate good cause or excusable neglect" (the December order).

Simms filed a notice of appeal from the December order, which was marked as filed in the District Court on December 20, 2000. On December 19, 2000, Smith, again pro se, filed a "Motion to Reconsider Denial of Request for Leave to File Out of Time Appeal," asserting that he was sentenced beyond the statutory maximum, that his notice of appeal was filed eleven days outside of the normal ten-day period, and that there was no potential impact on the judicial proceedings since his notice of appeal was filed within the allotted thirty-day period. Simms also included among his reasons that his "Notice of Appeal was filed in good faith and the reason for the delay was beyond [his] control . . . whereas [he] was being held at York County Immigration Detention Center where access to law books, typewriters, copy machines, and other necessities were unavailable making it impossible for inmates within that detention center to get to courts on a timely basis." On January 18, 2001, the District Court denied Simms's motion for reconsideration, again giving no reason (the January order). Thereafter, in denying Simms' motion to proceed in forma pauperis, the District Court gave some indication of its view of a potential appeal, stating both that, "At sentencing, defendant did not object to the guideline range calculation of 120 months" and that, "There is no good faith basis to support an appeal." Simms filed an amended notice of appeal of the December and January orders, dated January 25, 2001.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. 3231. The government argues we lack jurisdiction to consider the District Court's order at all, citing United States v. McKnight, 593 F.2d 230 (3d Cir. 1979). In McKnight, this court held it was without jurisdiction to remand to the district court where that court had made no determination on good cause or excusable neglect whatsoever, despite the tardy filing of a notice of appeal. We dismissed the case without prejudice to permit the appellant to apply to the district court for a ruling on that issue. Id. at 233. We were motivated by concern lest the district court on remand determine that there had been no excusable neglect, which would have led to the intolerable result that this court would have been "at all times without jurisdiction over the appeal." Id. at 232 n.6. Here by contrast, the District Court has already decided the extension issue. Furthermore, because Simms filed a timely notice of appeal following the District Court's denial of Simms' motion for reconsideration, specifying both the denial of the extension and the denial of reconsideration, the court's denial of the extension is properly before us.

We review the District Court's order denying the extension for abuse of discretion. Consolidated Freightways Corp. v. Larson, 827 F.2d 916, 918 (3d Cir. 1987).

Simms argues that we should remand to the District Court because that court's December 8 order denying his motion for an extension, which was filed within the requisite 30 days, did not make factual findings on whether the default resulted from excusable neglect or good cause. In support, he cites primarily unreported decisions of other circuits. We do not recognize unreported decisions as the basis for our rulings, even though they emanate from courts whose opinions merit respect. On the other hand, we have previously explained that we will accord more deference to discretionary decisions of the district courts when they provide a statement of reasons so that we have a basis to determine whether the district court soundly exercised its discretion. See United States v. Criden, 648 F.2d 814, 819 (3d Cir. 1981). Indeed, in United States v. Lewis, 522 F.2d 1367, 1369 (5th Cir. 1975), the court of appeals, faced with a similar situation, remanded, stating: "The record before us and the court's written order does not, however, provide us with any means of effectively reviewing the court's ultimate determination of no excusable neglect. We therefore remand this matter to the district court to conduct proceedings as to the question of excusable neglect and to make written findings supportive of its ultimate conclusion."

Nonetheless, Fed. R. App. P. 4(b)(4) does not require that a district court explain why it denied the motion, and we are not prepared to use this case to exercise our supervisory power to require an explanation each time a district court denies such a motion. On the other hand, if the district court based its denial on an impermissible consideration, that would be a basis to remand so that the district court can reconsider its ruling. As we previously noted, there is some indication on the record, albeit not in the District Court's brief rulings on the motion for an extension and the motion for

reconsideration, that the District Court may have been influenced by its view that Simms' appeal would have no merit.

The standard in Rule 4 does not include the potential merits of the appeal in the concept of excusable neglect. The merits, if any, of the appeal are for this court to determine. Of course, it would be difficult to find that an appeal frivolous on its face is supported by good cause. In this case, however, Simms' claim that he was sentenced beyond the statutory maximum is not frivolous on its face, although it may ultimately prove meritless. We note that in our experience district courts do not generally deny pro se appellants permission for a direct appeal in a criminal case when the defendant has been sentenced to a considerable prison term and has filed the request for an extension within the thirty days. Under our system of justice, we do not lightly pretermit a defendant's right to appeal.

III.

For the reasons set forth, we will remand this matter to the District Court for reconsideration of the order denying Simms' motion for an extension of time to file a notice of appeal.

_____

TO THE CLERK:

      Please file the foregoing opinion


_____
      Circuit Judge