**UNITED STATES of America,**

v.

**Eddie SIMMS aka "DJ" Eddie Simms, Appellant.**

No. 02–2983.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) March 6, 2003.

Decided June 20, 2003.

---

Before ROTH, BARRY, and FUENTES, Circuit Judges.

## OPINION

FUENTES, Circuit Judge.

On May 17, 2000, in accordance with a written plea agreement, Eddie Simms ("Simms") pled guilty to a superceding information alleging two counts of Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3). Thereafter, the District Court sentenced Simms to 60 months of imprisonment on each of the two counts, to be served consecutively, followed by 24 months of supervised release for each count, to be served concurrently. Simms' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that Simms can not raise any non-frivolous issues for our review and directing us, as is required under *Anders*, to the four issues that he thought Simms might raise on appeal. After he was notified of Counsel's intent to withdraw, Simms filed a *pro se* brief raising the issue of whether the supervised release provision of his sentence violated the Sentencing Guidelines and Federal Rule of Criminal Procedure 11(b)(1)(H) by imposing a total sentence longer than the sentence discussed at the plea colloquy. We

have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).* Finding no merit in the potential issues raised by Counsel or Simms, and finding, on independent review, no arguably non-frivolous issues in the record, we will affirm and grant Counsel's motion to withdraw.

■ First, Counsel noted that Simms might challenge his waiver of his right to indictment. However, in accordance with Federal Rule of Criminal Procedure 7(b), Simms signed the waiver of indictment in open court with counsel present, was informed of his right to be indicted by a grand jury, and stated that he was not coerced. Therefore, the waiver is not a meritorious issue on appeal.

■ Counsel also noted that the District Court informed Simms that even if he did not like the sentence, he would not be permitted to withdraw his plea. By doing so, the District Court complied with Federal Rules of Criminal Procedure 11(e)(1)(B) and (e)(2), which require the court to inform the defendant that he has no right to withdraw his plea even if the court does not accept the sentencing recommendations in the plea agreement. Accordingly, Simms may not ask to withdraw his plea due to his dissatisfaction with the sentence imposed by the District Court.

■ Next, Counsel noted that Simms might challenge his guilty plea on the grounds that it was not knowing, voluntary, and intelligent under *Brady v. United States*, 397 U.S. 742, 747–748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) and Federal Rule of Criminal Procedure 11(b)(2). Counsel points out, however, that the District Court conducted a comprehensive plea colloquy and advised Simms that he would be waiving a number of his constitutional rights, ensured that Simms understood the nature of the charges against him, and determined that there was a factual basis for the charges against him. In addition, the District Court ascertained that Simms had reviewed the plea agreement, entered into it willingly, and understood that the maximum penalty for each count in the plea agreement included imprisonment for a period of up to five years and a term of supervised release to be determined by the District Court. As the final sentence did not exceed the maximum terms outlined by the District Court, Simms' plea was knowing, voluntary and intelligent under *Brady* and Rule 11(b)(2).

Finally, Counsel noted that Simms might attempt to appeal his sentence but that Simms' sentence falls within the applicable Sentencing Guidelines range. Therefore, under 18 U.S.C. § 3742, Simms can not successfully appeal his sentence because it does not violate the law, is not greater than the sentence specified in the applicable guideline range and plea agreement, and is not a result of an incorrect application of the Sentencing Guidelines.

As mentioned above, Simms filed a *pro se* brief raising arguments questioning whether the Sentencing Guidelines had been properly applied to determine his sentence and whether he had been properly informed of the nature and terms of the supervised release provision of the sentence. Although we generally rely on the *Anders* brief to identify the issues raised for appeal, we may look at the *pro se* brief as well. *See United States v. Youla*, 241 F.3d 296, 301 (3d Cir.2001).

---

* As Counsel noted, Simms has won a pyrrhic victory. In an earlier case, *United States v. Simms*, 46 Fed.Appx. 63 (3d Cir.2002), this Court held that Simms had the right to file an appeal out of time. But, we now find that Simms lacks any non-frivolous issues to raise on appeal.

Simms contends that the District Court violated Federal Rule of Criminal Procedure 11(b)(1)(H) by including a two year supervised release provision as a part of his sentence. Simms claims that he was not advised that the guidelines included a mandatory two-year term of supervised release in addition to the incarceration. However, as noted above, Simms acknowledged during the plea colloquy that he understood that the charges to which he was pleading guilty included "a term of supervised release to be determined by the court." In addition, the District Court determined during the plea colloquy that Simms understood that his final sentence had not yet been decided. The pre-sentence report recommended two years of supervised release to be served concurrently for each offense in addition to the five years of incarceration to be served consecutively for each offense. Simms did not object to the terms outlined in the pre-sentence report before or during his sentencing hearing. Thus, Simms was informed of the terms outlined in the pre-sentence report as required by Rule 11(b)(1)(H).

Furthermore, even if the District Court had failed to outline the maximum and minimum lengths of supervised release that it could have imposed, the standard of review for determining the adequacy of the plea colloquy is a review for "plain error affecting the defendant's substantial rights." *See U.S. v. Olano* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *U.S. v. Knobloch* 131 F.3d 366, 370 (3d Cir.1997). This standard of review requires the defendant to show that the error was prejudicial; that is, that he would have changed his plea if he had known the full extent of the sentence to which he could be subjected. Here, Simms has not alleged that he would have rejected the plea agreement and maintained his plea of innocence if he had known of the exact length of the supervised release to be imposed. Thus, his substantial rights were not affected. *See e.g. U.S. v. Powell* 269 F.3d 175, 185–86 (3d Cir.2001) (holding that if the lower court had erred by not correctly informing the defendant of the length of his supervised release, the error was harmless as defined by Rule 11(h) because it was unlikely that the defendant would have pled differently but for the error); *U.S. v. Henry*, 893 F.2d 46, 48 (3d Cir.1990) (holding that a statement at the plea colloquy that there would be a supervised release term plus notice in the plea agreement of the minimum length of the supervised release term were sufficient to establish that the court had not committed a substantial error affecting the defendant's substantial rights).

Simms cites *U.S. v. Good,* 25 F.3d 218, 220 (4th Cir.1994), in support of his contention that the District Court erred in not fully explaining the terms of supervised release. However, the *Good* court held that the error was harmless. In any event, *Good* is not analogous to Simms' case. Unlike the defendant in *Good,* Simms was informed that he would be subject to supervised release both during the plea colloquy and in the pre-sentence report.

Counsel conducted a conscientious review of the record and concluded that there were no non-frivolous issues that could be raised on appeal. *Anders,* 386 U.S. at 744, 87 S.Ct. 1396. Because counsel has complied with all of the procedures specified in *Anders,* we will grant his motion for withdrawal. After carefully reviewing the briefs and accompanying materials of record, we will affirm Simms' conviction and sentence. We have conducted an independent examination of the record before us, and we agree with coun-

sel that there are no non-frivolous issues that justify review.

For the foregoing reasons, we will affirm the Order of the District Court and grant counsel's request to withdraw.