

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2005

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. White" (2005). *2005 Decisions.* Paper 1051.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1051

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-1026

_____

UNITED STATES OF AMERICA

v.

SHEREE WHITE
Appellant

_____

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 02-cr-00375)
District Judge:  Hon. Charence C. Newcomer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 7, 2005

BEFORE:  AMBRO, STAPLETON and ALARCON,*
Circuit Judges

(Opinion Filed:  June 8, 2005)

_____

Hon. Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting
by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Sheree White appeals from an order of judgment in a criminal case entered on December 19, 2003. The appeal was filed on January 5, 2004, and White did not seek and receive an extension under Federal Rule of Appellate Procedure 4(b)(4).

We may only rule upon the merits of this appeal if, and only if, a determination of excusable neglect has been properly entered by District Court. In *United States v. McKnight*, 593 F.2d 230 (3d Cir. 1979), this court held that it does not have the power to remand a case to District Court when confronted by a record presenting a question of fact, resolvable only in District Court, of whether excusable neglect would warrant tardy filing of appeal. The correct resolution is dismissal without prejudice to an application in District Court for a ruling upon the question of excusable neglect. *Id*. at 233.

Following *McKnight*, we will therefore dismiss this appeal without prejudice for want of jurisdiction. If Ms. White secures a determination of excusable neglect from the District Court, the clerk will assign the appeal to the current panel.