**John Henry CRUMPTON, III, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Nos. 79–2545, CV 78–3074 WMB and CR 75–1058 WMB.**

United States District Court, C. D. California.

Aug. 29, 1980.

John Henry Crumpton, III, pro se.

Andrea Sheridan Ordin, Los Angeles, Cal., for respondent–appellee.

### AMENDED DETERMINATIONS ON REMAND

WM. MATTHEW BYRNE, Jr., District Judge.

On July 10, 1980, the Court of Appeals for the Ninth Circuit remanded petitioner's appeal of the denial of his motion for relief under Section 2255, Title 28, United States Code, to this Court for thirty–five days "for the limited purpose of allowing [this] court to determine whether appellant's filing of a late notice of appeal  .  .  .  was due to

excusable neglect."[1] Appeals in proceedings to vacate a sentence under 28 U.S.C. § 2255, like habeas corpus appeals are governed by Rule 4(a), Federal Rules of Appellate Procedure, the rule governing the time for appeal in civil cases, even though the proceedings relate directly to a prior criminal case, are initiated by motion, and are filed and docketed in the district court in the original criminal case. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C.A. foll. § 2255 (Supp.1980); *United States v. McKnight*, 593 F.2d 230, 231 n.3 (3d Cir. 1979); *Rothman v. United States*, 508 F.2d 648, 651 (3d Cir. 1975); 9 *Moore's Federal Practice* ¶ 204.08[1], at 4–30 to 4–31 (2d ed. 1980) (hereafter *"Moore's"*). *See also Browder v. Director, Department of Corrections*, 434 U.S. 257, 265–66, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) (timeliness of habeas corpus appeals governed by Rule 4(a)).

Since the United States is a party to this case, as is inevitably true in all Section 2255 actions, petitioner had until sixty days after the date of entry of the judgment (or order appealed from) to file his notice of appeal with the clerk of the district court. Rule 4(a)(1), Federal Rules of Appellate Procedure; *Moore's* ¶ 204.10, at 4–39. This Court's order denying petitioner's Section 2255 motion was entered October 24, 1978. Sixty days thereafter was December 23, 1978. As this was a Saturday, the next day a Sunday, and the following day a declared legal holiday, petitioner had until December 26, 1978 to file his notice of appeal. Rule

26, Federal Rules of Civil Procedure. *Moore's* ¶ 204.04. This petitioner did not do. His notice of appeal was not filed until March 14, 1979, four and one-half months after his motion for relief under Section 2255 was denied.

Upon motion filed not later than thirty days after December 26, 1978, setting forth a showing of excusable neglect or good cause, this Court could have extended the time for filing a notice of appeal to a date up to thirty days after December 26, 1978, or ten days from the date of entry of an order granting the motion for an extension of time, whichever occurred later. Rule 4(a)(5), Federal Rules of Appellate Procedure. Examination of the docket in this case shows that no such motion was ever made.[2] Even were this Court to consider the oral argument at the hearing upon the filing and spreading of the Court of Appeals' limited remand or the filing of petitioner's affidavit on August 11, 1980 to constitute a motion for an extension of time,[3] the motion would clearly be untimely and this Court would be powerless to extend the time for filing the notice of appeal. *See Selph v. Council of City of Los Angeles*, 593 F.2d 881, 882 (9th Cir. 1979); *Rabin v. Cohen*, 570 F.2d 864, 866 n.2 (9th Cir. 1978). As stated in *Moore's* ¶ 204.13[2], at 4–104, "Given the repeated holdings by the Supreme Court that Rule 4 is 'mandatory and jurisdictional,' the result of failure to file a timely notice of appeal, followed by failure to make a timely notice to be permitted to

---

1. The remand order referred this Court to Rule 4(b), Federal Rules of Appellate Procedure, the rule governing time for appeal in criminal cases. Because of the explicit Federal Rule and strong case authority to the contrary, this Court assumes that the Court of Appeals inadvertently referred to Rule 4(b) instead of Rule 4(a), Federal Rules of Appellate Procedure.

2. Petitioner's affidavit maintains that an "affidavit for an extension of time for thirty days to file his notice of appeal" was filed on or about February 8, 1979, but the official docket and this Court's file fail to reveal the filing of any such document.

3. Under Rule 4(a)(5), Federal Rules of Appellate Procedure, a request for extension of time to file the notice of appeal must be made *by*

*motion.* Normally this means that it must be in writing, state with particularity the grounds on which it is based, and set forth the relief or order sought. Rule 7(b)(1), Federal Rules of Civil Procedure. Furthermore, if not made within the original time for appeal, the motion must be served on all parties, since it is not a motion which may be heard ex parte. Rule 5(a), Federal Rules of Civil Procedure. *See Moore's* ¶ 204.13[1], at 4–105 to 4–106. Because the Court of Appeals' remand order directed this Court to consider whether or not there was excusable neglect for the late filing and there appears to be no prejudice to nor objection by the government to proceed as if a motion were filed, this Court will deem *these* requirements sufficiently complied with.

file one out of time extinguishes the right to appeal beyond revival by either the district court or the court of appeals."

▋ Petitioner argues that his filing, on November 16, 1978, of a motion for reconsideration of the order denying the Section 2255 motion terminated the running of time for filing the notice of appeal and caused such time to begin to run from the date of entry of the order denying the motion for reconsideration, December 7, 1978. If this were the case, petitioner would have had until February 5, 1979 to file a timely notice of appeal and until March 6, 1979 to file a motion for an extension of time in which to file his notice of appeal. Again, the record in this case reveals that neither of these were filed within the required time. Thus, even if petitioner's argument were accepted, it could not save his untimely appeal.

▋ Moreover, the argument itself is flawed. Rule 4(a)(4), Federal Rules of Appellate Procedure, states:

If a *timely* motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52 (b) to amend or make additional findings of fact, whether or not alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment, or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

(emphasis added). While petitioner's motion for reconsideration was not a motion expressly denominated under Rule 4(a)(4) as one which can reset the running of time for filing the notice of appeal, any motion that draws into question the correctness of a judgment is functionally a motion under Rule 59(e), Federal Rules of Civil Procedure, and will postpone the time for appeal *if the motion is timely made. Moore's* ¶ 204.12[1], at 4–67. *See Browder, supra,* 434 U.S. at 262 n.5 & 265–66, 98 S.Ct. at 559 n.5 & 561 (untimely motion for a stay and evidentiary hearing did not toll the running of time to file notice of appeal under Rule 4(a)); *Saunders v. Cabinet Makers and Millmen, Local 721,* 549 F.2d 1216, 1216–17 (9th Cir. 1977) (same result with untimely motion for rehearing, treated as motion pursuant to Rule 59(e), Federal Rules of Civil Procedure). Because petitioner's motion for reconsideration was not filed within ten days after the entry of the order denying his Section 2255 motion, petitioner's argument for choosing a later starting date for the running of time for filing his notice of appeal must be rejected. Rule 59, Federal Rules of Civil Procedure. As discussed above, even were this not the case, petitioner's untimely appeal could not be saved because he did not move for the necessary extension of time to file his notice of appeal within ninety days after denial of his motion for reconsideration. Rule 4(a)(5), Federal Rules of Appellate Procedure.

Although there are certain unique circumstances under which the strict requirements of Rule 4(a) have not been held to bar an otherwise untimely appeal,[4] the circumstances of this case do not appear to fit into that narrow exception. Therefore, under the authorities cited above, this Court is powerless to render the appeal in this case timely, whether or not a finding of excusable neglect is made.[5]

---

**4.** *See Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (district court assurance to plaintiff that motion for new trial was made "in ample time" created "unique circumstances" under which an appellate court might have jurisdiction to hear a technically untimely appeal); *In re Estate of Butler's Tire & Battery Co.,* 592 F.2d 1028 (9th Cir. 1979) (bankruptcy court's scheduling of hearing for extension of time to file notice of appeal for a date more than thirty days after entry of judgment might

be unique circumstance giving district court jurisdiction, but no excusable neglect found).

**5.** This would appear to be the case even were the request for extension being sought under Rule 4(b), Federal Rules of Appellate Procedure, in this case. Although under Rule 4(b), "Upon a showing of excusable neglect the district court may, *before or after the time has expired,* with or without motion and notice, extend the time for filing a notice of appeal," the district court is empowered to extend the

Should the Court of Appeals disagree with this Court's determination that, under the relevant authorities, a timely appeal is barred under the circumstances of this case, however, and in order to comply with the Court of Appeals' remand order, this Court makes the following determinations regarding the excusable neglect in petitioner's late filing of his notice of appeal:

1. Until after the filing of the late notice of appeal, petitioner was without counsel, and was proceeding in pro per.

2. From November 9, 1978 to January 30, 1979, petitioner was en route from the United States Penitentiary at Lewisburg, Pennsylvania to the Federal Correctional Institution at Lompoc, California, pursuant to an October 23, 1978 "transfer order" in accordance with authority provided under 18 U.S.C. § 4082. While en route, petitioner did not have possession of his personal property nor his legal materials. Petitioner did not communicate with the clerk of the district court during this period.

3. It was not until January 30, 1979 that petitioner received his legal mail from prison authorities which had been sent since his transfer and that petitioner first learned that his motion for reconsideration had been denied on December 4, 1978.

4. Petitioner was apparently under the mistaken belief that his time for appeal ran from the date of denial of his untimely motion for reconsideration rather than from the date of denial of his original Section 2255 motion.

5. Petitioner attempted to file an "affidavit for an extension of time for thirty days to file his notice of appeal" on or about February 8, 1979, and a notice of appeal on or about February 20, 1979. Both of these documents were apparently rejected for failure to comply with filing requirements.

6. Petitioner was not removed from admission and orientation status at the Federal Correctional Institution at Lompoc, California until February 23, 1979.

7. Petitioner filed his notice of appeal on March 14, 1979.

8. Considering that petitioner was proceeding in pro per, was at all relevant times in federal custody, was being transferred from one federal institution to another during much of the time he had to file his notice of appeal, was under the mistaken belief that his time ran from the date of denial of his untimely motion for reconsideration, did not learn that that motion had been denied until nearly two months after its denial through no fault on his part, and attempted to obtain an extension of time in which to file his notice of appeal and to make an earlier filing of the notice, this Court considers his late filing of notice of appeal to be made under circumstances which justify a finding of "excusable neglect," if such a finding is within this Court's power to make.[6]

9. If this Court had the power to grant an extension of time in which to file the notice of appeal which would render petitioner's late filing of his notice of appeal timely, it would do so.

In compliance with the remand order of the Court of Appeals of July 10, 1980 in this case,

IT IS HEREBY ORDERED that the clerk of this Court file these determinations on remand and transmit a copy hereof to the Court of Appeals.

---

time only "for a period *not to exceed 30 days* from the expiration of the time otherwise prescribed by this subdivision" (emphasis added). Because appeals by defendants in criminal cases must be noticed within ten days after the entry of the judgment or order appealed from, Rule 4(b), Federal Rules of Appellate Procedure, any extension in this case would not save petitioner's untimely filing of notice of appeal, even where the time to run from the date of entry of the order denying petitioner's motion for reconsideration.

**6.** The standard governing a finding of "excusable neglect" for late filing of an appeal is arguably less strict where "it is a man's liberty at stake" than in the ordinary civil case where only property interests are involved. *Karstetter v. Cardwell*, 399 F.Supp. 1298, 1300 (D.Ariz. 1975) (appeal of denial of habeas corpus petition). The Court need not decide if there is such a difference, because the circumstances of this case would support a finding of excusable neglect under the standard governing the ordinary civil case.