**Richard BERNDT, Plaintiff,**

v.

**Bobby STINSON, etc., et al., Defendants.**

**No. CIV-2-82-78.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

May 20, 1982.

Opinion on Motion for Relief
from Judgment July 19, 1982.

Opinion After Remand Dec. 13, 1982.

Richard Berndt, pro se.

William E. Bowman, Jr., Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDERS

NEESE, Senior District Judge.

This is a civil rights action, *see* 42 U.S.C. § 1983, in which the plaintiff Mr. Richard Berndt complains of conduct of the defendants which took place while he was incarcerated in the Cocke County, Tennessee jail " * * * from January 17, 1981 until March 3, 1981 * * *." The Court notices on its own initiative that Mr. Berndt did not commence this action within the time allowed by law.

■ The plaintiff was required to have commenced this action within one year after his cause-of-action herein accrued, which, at the very latest, was March 3, 1982. T.C.A. § 28–3–104(a); *Harrison v. Wright,* C.A. 6th (1972), 457 F.2d 793; *Williams v. Hollins,* C.A. 6th (1970), 428 F.2d 1221; *Schofield v. Gilland,* D.C.Tenn. (1977), 78 F.R.D. 279, 280[3, 4]; *Elmore v. Evans,* D.C.Tenn. (1976), 449 F.Supp. 2, 3–4[2, 3], affirmed C.A. 6th (1978), 557 F.2d 740 (table). The complaint herein was not lodged with the clerk until April 13, 1982, outside the statutory period of limitations.

This action hereby is

DISMISSED *sua sponte* for the failure of the plaintiff to state a claim upon which relief can be granted. *Myers v. Davis,* D.C. Tenn. (1978), 467 F.Supp. 8, 9, n. 2[2].

## ON MOTION FOR RELIEF FROM JUDGMENT

■ The filing by the plaintiff (who apparently was acting *pro se* despite the fact that he now has a retained counsel-of-record herein) of a notice of his appeal from the judgment herein of May 20, 1982 operated to transfer jurisdiction of this action to the Court of Appeals for this Circuit. *Cochran v. Birkel,* C.A. 6th (1981), 651 F.2d 1219, 1221[2]; *Frazier v. Lane,* D.C.Tenn. (1978), 479 F.Supp. 841, 844[6], affirmed C.A. 6th (1979), 611 F.2d 372 (table).

Therefore, this Court cannot, and accordingly does not, consider the pending motion of the plaintiff for relief from that judgment. *Contemporary Mission, Inc. v. U.S. Postal Service,* C.A.2d (1981), 648 F.2d 97, 107[15]; *Frazier v. Lane, supra.*

### OPINION AFTER REMAND

■ This action was remanded to this Court for a ruling on the motion of the plaintiff-appellant Mr. Berndt for an extension of time in which to file his notice of appeal herein.[1] Order of November 15, 1982 in *Richard Berndt,* plaintiff-appellant, v. *Bobby Stinson, etc., et al.,* defendants-appellees, no. 82–5417 in the United States Court of Appeals for the Sixth Circuit. For the reason specified hereinbelow, such motion hereby is

### OVERRULED.

Judgment was entered herein on May 20, 1982, dismissing this action for the failure of Mr. Berndt to state a claim upon which relief can be granted. Mr. Berndt attempted to appeal from such judgment by filing (in the Court of Appeals for this Circuit)[2] on June 23, 1982 a notice of appeal. The appellate court determined that the notice of appeal " * * * was two (2) days late * * *," and directed Mr. Berndt to show any cause why his appeal should not be dismissed for lack of jurisdiction. *Ib.,* order of August 17, 1982. Thereupon, the plaintiff-appellant filed (in this Court) on August 23, 1982 a motion seeking an extension of time in which to file his notice of appeal.

" * * * The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal *upon motion filed not later than 30 days after the expiration of the time prescribed in this Rule 4(a)* [emphasis provided]. * * *" Rule 4(a)(5), Federal Rules of Appellate Procedure, as amended in 1979. The purpose of such amendment to Rule 4(a) was to

" * * * make it clear that a motion to extend time must be filed no later than 30 days after the expiration of the original appeal time * * *." Notes of Advisory Committee on Appellate Rules to 1979 amendment to Rule 4(a)(5).

It is stated also that: " * * * The central purpose of the new rule is to make it clear that a motion for extension of time must be made not later than 30 days after expiration of the initial appeal time prescribed by Rule 4(a). * * *" 16 Wright, Miller, *et al.,* Federal Practice and Procedure (1981 Supp.) 140, § 3950. Mr. Berndt's motion of August 23, 1982 obviously was made later than 30 days after the expiration of the initial 30-day appeal time prescribed by Rule 4(a), *supra.* That being so, this Court is precluded from granting him an extension under Rule 4(a)(5). *Barksdale v. Blackburn,* 647 F.2d 630, 631–632 (5th Cir. 1981); *Crumpton v. United States,* 496 F.Supp. 774, 775, 776–777[1] (C.D.Cal.1980).

---

1. Our Court of Appeals retains jurisdiction hereof. *See Richard Berndt,* plaintiff-appellant, v. *Bobby Stinson, etc., et al.,* defendants-appellees, order of August 17, 1982 in no. 82–5417, United States Court of Appeals for the Sixth Circuit; *cf.* also memorandum opinion and orders herein of May 20, 1982.

2. Although the notice of appeal was filed mistakenly in the court of appeals, it is deemed to have been filed in this Court on the date it was received by the appellate court. Rule 4(a)(1), Federal Rules of Appellate Procedure.