**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leonard Ray BLANTON, Clyde Edward Hood, Jr. and James M. Allen, Defendants-Appellants.**

No. 82–5091.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1982.

Decided Jan. 10, 1983.

John S. McLellan, Kingsport, Tenn., for Blanton.

Alfred Knight, Robert Delaney, William R. Willis, Nashville, Tenn., for Hood.

Tyree B. Harris, Nashville, Tenn., for Allen.

Joe B. Brown, U.S. Atty., Aleta G. Arthur, John Philip Williams, Nashville, Tenn., for plaintiff-appellee.

Before ENGEL and KEITH, Circuit Judges; and GIBSON,* Senior Circuit Judge.

PER CURIAM.

Defendants appeal the district court's order denying their request that it certify that it is inclined to grant their motion for a new trial based on newly discovered evidence. We conclude that the district court's order denying certification of an inclination to grant that motion for a new trial is an unappealable order.

■ Defendants moved for a new trial on the basis of newly discovered evidence pursuant to Fed.R.Crim.P. 33. The notices of appeal from the judgments of conviction had already been filed, so the district court did not have power to grant the motion absent a remand. Fed.R.Crim.P. 33. Hence, the defendants moved the district court pursuant to the procedure delineated in *United States v. Phillips,* 558 F.2d 363 (6th Cir.1977). That case allows a district court to certify to the appellate court that

---

* Honorable Floyd R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

it is inclined to grant the motion for a new trial so that the appellate court can consider a remand to the district court. *Id.* at 363.

 This circuit allows considerable discretion in the district judge in ruling on such motions. While under Rule 33, he may not *grant* a motion for new trial without a remand, he nevertheless has three choices. First, if he deems it likely that he would grant a new trial he may so certify. *Id.* The court of appeals can then, in its good judgment, determine whether the ends of justice would be most efficiently served by proceeding first to determination of the merits of the appeal as it then stands, or whether to terminate the appeal altogether and remand for a new trial.[1] Second, if the trial judge is satisfied that he would not grant the motion for new trial in any event, he may deny the motion outright. In that case, an immediate appeal may be taken and consolidated with the pending appeal. *United States v. Lee,* 428 F.2d 917 (6th Cir.1970), *cert. denied,* 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972); *Ashe v. United States,* 288 F.2d 725, 733 (6th Cir. 1961). As a third option, and we believe the one which was exercised here, the trial judge may merely decline to certify, i.e., decline to rule with finality on the motion until after the appeal is concluded. Since this' is not a final order and hence is not appealable, the motion may be reasserted, under Rule 33, when the case returns from the court of appeals.

There are many circumstances in which this third option may in fact be the desired course. For example, the trial judge may wish to know the outcome of the pending appeal before ruling with finality since the resulting appellate decision, especially if it deals with the admissibility and weight of the evidence, may well affect his judgment, if it does not moot it altogether. Second, it may simply be more efficient, from the standpoint of judicial economy, to permit the appeal to come to a decision, especially where it may have been pending for some time before the motion was filed. Finally, the district court may find it difficult to decide the motion without the trial record, which will already be in the court of appeals in most cases.[2]

In summary, the procedure for filing a motion for a new trial based on newly discovered evidence while an appeal is pending is for the appellant to first file the motion in the district court.[3] If the district court is inclined to grant the motion, it may so certify, and the appellant should move the appellate court to remand the case to the district court so that the district court can grant the motion. If the court believes the motion should be denied, it may issue an order denying the motion. This order is appealable. If, however, the district court is unable or does not wish to enter a final order on the motion, it may decline to certify—holding the motion in abeyance pending resolution of the appeal. This is the situation in the present case. Accordingly, the appeal is dismissed.

---

1. If advised of the pendency of such a motion in the district court, the court of appeals may hold consideration and decision of the appeal in abeyance until the district court rules. *United States v. Smith,* 331 F.2d 145 (6th Cir.1964) (2 cases).

2. While perhaps not an insoluble problem, *see First Nat'l Bank v. Hirsch,* 535 F.2d 343, 346 n. 2 (6th Cir.1976), this could be an important consideration in situations where, for example, the newly discovered evidence is claimed to have been withheld earlier in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or the evidence is claimed to be merely cumulative or impeaching in nature.

3. This circuit does not follow the alternative procedure through which the defendant may first seek remand to allow the district court to then consider the motion. *See United States v. Phillips,* 558 F.2d 363 (6th Cir.1977); cf., *United States v. Fuentes-Lozano,* 580 F.2d 724 (5th Cir.1978); *People of Territory of Guam v. Inglett,* 417 F.2d 123 (9th Cir.1969), *overruled in, United States v. Frame,* 454 F.2d 1136 (9th Cir.), *cert. denied,* 406 U.S. 925, 92 S.Ct. 1794, 32 L.Ed.2d 126 (1972).