**Kenneth D. RUCKER, Sally Rucker, Individually, and as Next Friend of Kenyeach Rucker, Tony Powell, and Latisseus Powell, Plaintiffs-Appellants,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR, United States of America, Defendant-Appellee.**

Nos. 85-1273, 85-1886.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1986.

Decided Aug. 19, 1986.

Robert A. Tyler (argued), Detroit, Mich., for plaintiffs-appellants.

Ross I. MacKenzie (argued), Detroit, Mich., for defendant-appellee.

Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

BOGGS, Circuit Judge.

This case arose when Kenneth D. Rucker fell down a stairway in a building owned by the United States. In connection with his fall and resulting injuries, Rucker presented to the Department of Labor a Standard Form 95, "Claim for Damages, Injury, or Death." In the box labeled "AMOUNT OF CLAIM ... PERSONAL INJURY" he indicated:

in

excess of $10,000

$450,000

and in the box labeled "AMOUNT OF CLAIM ... TOTAL" he indicated:

in excess of

$10,000–$450,000.

Rucker and his wife (individually and on behalf of their children) subsequently brought this action in federal district court. The defendant, Department of Labor, moved to dismiss for failure to comply with the provision of the Federal Tort Claims Act that requires a claimant to make an administrative claim for a sum certain before filing suit. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a). The district court granted the motion, ruling in an oral memorandum on January 28, 1985, that Rucker had filed a claim "in excess of $10,450.00," which was not a sum certain, and that his wife and the children had not filed administrative claims. The resulting order was filed on February 4. Plaintiffs moved for reconsideration on February 25, within 10 days of receiving notice of the order, but not within 10 days of entry of the order.

On April 1, Plaintiffs filed with the district court a notice of appeal. Their appeal was dismissed on April 21 for want of prosecution (for failure to return required forms) but was subsequently reinstated,

upon a motion and late filing of the forms, on May 20.

On May 29, the district court ruled on Plaintiff's motion for reconsideration, finding that Rucker's administrative claim had stated a sum certain ($450,000), describing the court's prior finding as a claim for a range from $10,000 to $450,000, and setting aside the February 4 order of dismissal. The Department of Labor moved, on June 7, to set aside the May 29 order setting aside the February 4 order of dismissal. On July 11, the district court granted the motion, ruling that it had lacked jurisdiction to consider Plaintiffs' motion for reconsideration because it had not been filed within 10 days as required under local rules.[1] Plaintiffs filed a motion to reconsider the July 11 order. That motion was denied on September 4. Plaintiffs then, on October 30, appealed from the orders of May 29,[2] July 11, and September 4.

The first task before this court is to untangle the various appeals and orders to determine which issues are properly before the court. As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court. *See Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir.1981), *cert. denied* 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982); 9 Moore's Federal Practice ¶ 203.11 (1985). Here, we find that Plaintiffs' appeal of April 1 is timely, is an appeal from an appealable final order of dismissal, and is the first appeal of the case. Thus, this court acquired, at that time, exclusive jurisdiction over the case. We must, therefore, vacate the district court's three post-April 1 orders and must dismiss Plaintiffs' October 30 appeal from those orders. That leaves

---

1. Local Rule 17(m)(1) of the district court provides that:

    Any motion to alter or amend a judgment and any motion for rehearing or reconsideration shall be served not later than 10 days after entry of such judgment or order.

2. Plaintiffs' notice of appeal indicates that they appeal from the order of May 25. Because there was no order on May 25, we presume that Plaintiffs intended to appeal from the order of May 29.

before us only Plaintiffs' appeal from the order of February 4.

Plaintiffs, in that appeal, first contend that the district court's finding that Rucker had failed to make an administrative claim for a sum certain, which is a jurisdictional requirement under 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a), *see Allen v. United States,* 517 F.2d 1328 (6th Cir.1975), is clearly erroneous. Under Fed.R.Civ.P. 52(a) a reviewing court may overturn a district court's finding of fact only if it is clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Here, we are left with such a "definite and firm conviction."

The factual issue here is whether the Department of Labor had sufficient notice of Rucker's claim for a sum certain. It is uncontested that the entire evidence of the notice Rucker provided to the Department of Labor was his filled-in Standard Form 95. Therefore, a finding of fact with respect to whether Rucker made a claim for a sum certain must be consistent with Rucker's Standard Form 95.

■ A literal reading of the inartful language in Rucker's Standard Form 95 leads to only two possible interpretations: (1) that Rucker claimed damages in a range of $10,000 and above, including $450,000 and above, and (2) that Rucker claimed damages greater than $10,000 specifically: $450,000. Of the two possible interpretations, we find only the latter to be reasonable.[3] The district court's finding that

Rucker had claimed damages "in excess of $10,450.00," as indicated in the transcript of the oral memorandum of January 28 (Jt.App. at 310, 312), is not consistent with Rucker's Standard Form 95 and is clearly erroneous.[4] Accordingly, we overturn this finding of fact and, necessarily, the legal conclusions that follow therefrom.

■ Plaintiffs also contend that the district court erred in ruling that Rucker's wife and the children had failed to present an administrative claim, arguing that they had substantially complied with the requirement. In support of this contention, Plaintiffs point out that Rucker's wife was clearly identified as such on Rucker's Standard Form 95. We agree with the district court that this is not substantial compliance, and we conclude, as have other courts that have addressed precisely this issue, that identifying a claimant's wife on a Standard Form 95, without more, is not sufficient to fulfill the jurisdictional requirement of 28 U.S.C. § 2675(a). *See, e.g., Johnson v. United States,* 704 F.2d 1431, 1442 (9th Cir.1983); *Stewart v. United States,* 458 F.Supp. 871 (S.D.Ohio 1978). The children were not identified anywhere on Rucker's Standard Form 95 and so have complied even less substantially with the requirements than has Rucker's wife; therefore we find that they have not substantially complied with the jurisdictional requirements of 28 U.S.C. § 2675(a). Furthermore, we are not persuaded by the cases Rucker cites in support of his substantial compliance argument. In each case cited, *Blue v. United States,* 567 F.Supp. 394 (D.Conn.1983); *Santos v. United States,* 525 F.Supp. 982 (D.P.R.1981); *Young v. United States,* 372 F.Supp. 736 (S.D.Ga.1974), the government had actual

3. This conclusion is bolstered by the district court's extrajurisdictional order of May 29 in which the court, upon reconsideration, found that Rucker had indeed made a claim for the sum certain of $450,000.

4. The district court, in its May 29 order, stated as follows:

The Court initially [on January 28] read the form as describing a range, i.e. between $10,-000 and $450,000.

If that were the district court's finding, it too would be inconsistent with Rucker's Standard Form 95.

notice of the nature and amount of the claim. That is not true here.[5]

Accordingly, we REMAND for proceedings consistent with this opinion.

---

**5.** We note that even now the government does not have actual notice of a sum certain that Rucker's wife and the children might be claiming (Plaintiffs' complaint prays for "a judgment in their favor in whatever amount they are found to be entitled to, said amount to be in excess of Ten Thousand ($10,000) Dollars, together with costs, interest and attorney fees").