859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles F. COLLINS,
Francis Richard Fitzsimmons,
Sol Schwartz,
Roger Towne, Defendants-Appellants.
 Nos. 87-1283 to 87-1286.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1988.
 
 Before BOYCE F. MARTIN Jr. and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendants appeal their convictions for numerous racketeering and conspiracy charges. The defendants now move to remand these cases to the district court for an evidentiary hearing and ruling on their motions for a new trial. The district court has certified that it will grant defendants' motions for an evidentiary hearing on the issues underlying the new trial motions in the event remand is granted. The United States has not responded to the motion for remand.
 
 
 2
 Prior to trial, defendant Fitzsimmons filed a motion for disclosure of information relating to electronic surveillance and for disclosure of exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963). On October 30, 1985, the government filed a motion in limine seeking a protective order sealing transcripts of a tape recorded conversation between defendant Fitzsimmons and an FBI informant concerning a nationwide labor racketeering investigation which the government characterized as unrelated to the instant criminal proceedings. On November 19, 1985, the district court found that the transcript did not contain exculpatory information and issued a protective order sealing the transcript. The transcript was not introduced at trial.
 
 
 3
 Following the defendants' jury convictions on September 10, 1986, the defendants filed timely notices of appeal. On August 17, 1987, the transcript was ordered unsealed by the court and the government provided defendant Fitzsimmons with a copy. The defendants have now filed motions for a new trial based on newly discovered evidence, or in the alternative, for an evidentiary hearing on the new trial motion. By order entered May 16, 1988, the district court certified that, if a remand is granted by this Court, it will grant defendants' motions for an evidentiary hearing on the issues underlying the new trial motions.
 
 
 4
 The filing of a timely notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. Jago v. United States District Court, 570 F.2d 618 (6th Cir.1978); Island Creek Coal Sales Co. v. City of Gainesville, 764 F.2d 437 (6th Cir.), cert. denied, 474 U.S. 948 (1985); Rucker v. United States Department of Labor, 798 F.2d 891 (6th Cir.1986). Therefore, a party seeking a new trial pursuant to Rule 33, Fed.R.Crim.P., while the case is on appeal must initially file such a motion with the district court. If the district court certifies that it is inclined to grant the motion, the defendant may then move this Court for a remand of the case. United States v. Blanton, 697 F.2d 146 (1983) (per curiam). Upon consideration of the defendants' motion and the district court's certification,
 
 
 5
 It is ORDERED that the motion is granted and this action is remanded to the district court to conduct an evidentiary hearing and to rule upon the defendants' motions for a new trial.