Larry FLYNT, et al., Plaintiffs,

v.

BROWNFIELD, BOWEN & BALLY, et al., Defendants and Third–Party Plaintiffs,

v.

David L. KAHN, Third–Party Defendant.

No. C–2–83–0952.

United States District Court, S.D. Ohio, E.D.

Dec. 13, 1989.

Burt Fulton, Lynn L. Moore, Gallagher, Sharp, Fulton & Norman, Cleveland, Ohio, for plaintiffs and third-party defendant.

David J. Young, James S. Savage, John J. Krimm, Jr., Squire, Sanders & Dempsey, Columbus, Ohio, for defendants and third-party plaintiffs.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider the motion of the plaintiffs for relief from judgment. Fed.R.Civ.P. 60(b). In May 1983, Larry Flynt, Hustler Magazine, Inc. and L.F.P., Inc. filed this diversity suit against C. William Brownfield, Laurence E. Sturtz, and their firm, Brownfield, Bowen & Bally ("the Brownfield firm") alleging legal malpractice. The Court granted summary judgment to the defendants on the plaintiffs' malpractice claims on March 29, 1988, holding that the statute of limitations barred the claims against the defendants.

The Court reasoned, in dismissing the claims against Brownfield and the Brownfield firm, that the Brownfield firm terminated its relationship with the plaintiffs by letter on February 16, 1982. Thereafter, the plaintiffs entered a separate and distinct professional relationship with the Brownfield firm on March 12, 1982. The relationship involved the completion of the appeals process in a state court case, *Guccione v. Hustler Magazine, Inc.*, No. 80AP-375, 1981 WL 3516 (Ohio Ct.App. Oct. 8, 1981). For a discussion of the procedural history of *Guccione* and this case, see *Flynt v. Brownfield, Bowen & Bally*, No. C-2-83-0952, slip op. at 1-5 (S.D.Ohio Mar. 29, 1988) (granting summary judgment), *aff'd*, 882 F.2d 1048, 1048-50 (6th Cir.1989).

Given that the plaintiffs claims arise out of the defendants' conduct prior to the termination of the initial attorney-client relationship on February 16, the Court held that the plaintiffs' claims accrued on Feb-

ruary 16, 1982. The new relationship between the parties did not toll the running of the statute because it was not a continuation of the old affiliation. The plaintiffs did not assert their claims until May of 1983. Therefore, the Court held that the applicable one-year statute of limitations barred the plaintiffs' claims. *Id.*, slip op. at 7-8. The plaintiffs filed a notice of appeal on June 30, 1988. The Court of Appeals for the Sixth Circuit affirmed the Court's holding on August 14, 1989. *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1049-53 (6th Cir.1989).

Before the Court of Appeals ruled on the appeal, however, the plaintiffs filed the instant motion for relief from judgment on July 25, 1988.[1] The plaintiffs claim that they have discovered evidence so material and probative that the Court should reconsider its ruling in granting summary judgment for the defendants. Specifically, the plaintiffs now produce billing statements issued by the Brownfield firm which purportedly demonstrate that the Brownfield firm did indeed have an ongoing relationship with the plaintiffs in February and March 1982, continuing into July 1982, despite the "unilateral demand for termination" tendered by the defendants on February 16, 1982. Plaintiff's Memorandum in Support of the Motion for Reconsideration at 2. The plaintiffs deny that the parties entered into a separate and limited relationship on March 12, 1982.

The defendants respond with several arguments. First, they assert that the notice of appeal filed by the plaintiffs entails that the Sixth Circuit had before it a pending appeal; the appeal divested this Court of jurisdiction over the case. Therefore, this Court is without authority to consider the motion. Second, the defendants contend that the plaintiffs fail to present sufficient cause to reopen the matter and consider new evidence, given that the plaintiffs had an opportunity to present this evidence while the matter was under advisement in

---

**1.** Consideration of a Rule 60(b) motion is a matter subject to the sound discretion of the district court. *E.g., Smith v. Secretary of Health and Human Servs.*, 776 F.2d 1330, 1332 (6th Cir.1985); *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir.), *cert. denied*, 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981).

this Court. Third, the plaintiffs cannot proceed under the residual clause of Rule 60(b)(6), which provides relief in "all other cases." The plaintiffs' rationale for seeking relief is based solely upon "newly discovered evidence," which the Court must consider by applying Rule 60(b)(2). Rule 60(b)(6), therefore, is simply irrelevant. Finally, even if the Court were to consider the new evidence, the billing statements do not alter the conclusion that the attorney-client relationship and its inherent mutual confidence terminated on February 16, 1982. After the Brownfield firm's February 16 letter, no ongoing relationship existed which could toll the running of the statute of limitations.

The first three arguments propounded by the defendants present threshold issues which the Court must address before reaching the merits of the plaintiff's motion. Therefore, the Court will address these three issues in turn, and will thereafter discuss the merits of the motion.

## I. JURISDICTION

At the outset, the Court must determine whether the appeal divested the Court of its jurisdiction to consider the plaintiffs' motion for relief from judgment, Fed.R. Civ.P. 60(b). The traditional rule is that a pending appeal entails that the appellate court divests the district court of jurisdiction over the case until the court of appeals remands the case. *E.g.*, *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982).[2] Therefore, the district court

could not grant post-judgment motions filed after a notice of appeal without permission of the appellate court.[3]

■ The Court of Appeals for the Sixth Circuit, however, has modified the traditional rule as it applies to motions for relief from judgment. *First Nat'l Bank v. Hirsch*, 535 F.2d 343 (6th Cir.1976) (per curiam). The court stated that a district court may examine the merits of a Rule 60(b) motion. If the district court intends to grant the motion, it must enter an order so indicating; the party seeking relief can then move the court of appeals to remand the action. *Id.* at 346; *see Cochran*, 651 F.2d at 1221 n. 5. *But see Rucker v. United States Dep't of Labor*, 798 F.2d 891, 892 (6th Cir.1986) (district court had no jurisdiction to enter certain orders after a notice of appeal); *Berndt v. Stinson*, 562 F.Supp. 28, 29–30 (E.D.Tenn.1982), *appeal dismissed*, 708 F.2d 721 (6th Cir.1983).[4] Upon remand, the district court can grant final relief under Rule 60(b) which the proponent sought.[5] The Sixth Circuit has also held that a district court may enter a final ruling on the merits denying a party Rule 60(b) relief during the pendency of an appeal. *Schewchun v. Edwards*, 815 F.2d 79 (6th Cir.1987) (denying motion to dismiss appeals for lack of jurisdiction); *see also Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 41 (1st Cir.1979).

■ Even absent a general rule permitting courts to deny Rule 60(b) motions during pending appeals, another doctrine bolsters the conclusion that the Court has jurisdiction to enter a final ruling denying the instant motion. A district court may

---

**2.** *See generally* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.30[2], at 60–331 to –332 (2d ed. 1983) [hereinafter 7 *Moore's Federal Practice*].

**3.** *Id.* at 60–332.

**4.** The *Berndt* court held that a notice of appeal necessarily divests the district court of jurisdiction. Thus, the court held that the district court would have no authority to consider a motion for relief from judgment. *Id.* This rule is too sweeping and inconsistent in part with the Sixth Circuit's holding in *Hirsch*. Under *Hirsch* if the

district court intends to *grant* a Rule 60(b) motion, it does have the authority to consider the merits and enter a "tentative ruling upon [the] motion," *Cochran*, 651 F.2d at 1221 n. 5, to facilitate remand and ultimately a final ruling on the motion. *Hirsch*, 535 F.2d at 346. For the reasons below, the Court notes that if a district court intends to *deny* a Rule 60(b) motion, it has the authority to enter a final order to that effect. Thus, the Court rejects the holding in *Berndt*.

**5.** 7 *Moore's Federal Practice, supra* note 2, ¶ 60.30[2], at 60–334 to –335.

enter orders even after the filing of a notice of appeal if they would aid the appeal. *See Cochran,* 651 F.2d at 1221 & n. 5 (citing *Jago v. United States Dist. Court,* 570 F.2d 618 (6th Cir.1978) (granting bail to successful petitioner for habeas corpus despite pending appeal); *Hirsch,* 535 F.2d at 343 (tentative order signifying district court's intention to grant relief from judgment)). An order denying a Rule 60(b) motion would aid the appeal. *Willie v. Continental Oil Co.,* 746 F.2d 1041, 1046 (5th Cir.1984); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.12[1], at 4–82 (2d ed. 1989).

■ Therefore, the pending appeal did not leave this Court bereft of jurisdiction to consider the motion under Rule 60(b) for relief from judgment. The scope of that authority, however, would be limited if the Court were inclined to grant the motion. Nevertheless, the jurisdictional hurdle would not bar consideration of the merits during the pendency of the appeal, at least to the extent necessary to determine whether the Court should issue a tentative ruling stating its inclination to grant the motion. If such an order is not appropriate given the meritlessness of the motion, the Court may also weigh the merits in order to deny the motion.

*Rucker v. United States Department of Labor,* 798 F.2d 891, 892 (6th Cir.1986), is not contrary to this conclusion. In *Rucker,* the plaintiffs moved to reconsider an order of the district court. They subsequently filed a notice of appeal. The district court granted the motion to reconsider in an order which the defendant moved to reconsider. In a second post-appeal order, the district court granted the defendant's motion to reconsider. Finally, the district court denied the plaintiff's second motion to reconsider. *Id.*

In a cursory holding, the court simply stated that a district court, aside from certain exceptions, has no jurisdiction over an action after a party perfects an appeal. Thus, the court, without analysis, simply vacated all of the district court's orders issued after the plaintiff filed the notice of appeal, despite the fact that the district court's second two orders arguably could be within the category of orders aiding the appeal. *Id.*

*Rucker* is distinguishable from the facts here, though. First, the district court construed the motion to be one to alter or amend the judgment. *See id.* at 892 & n. 1. Motions of this kind are ones falling under Rule 59(e). In this case, though, the plaintiffs move for relief from judgment under Rule 60(b). Strictly speaking, then, *Rucker* did not address the kind of motion filed here.

Second, even if the district court in *Rucker* had treated the plaintiff's untimely Rule 59(e) motion to be one under Rule 60(b), *see Myers v. Ace Hardware, Inc.,* 777 F.2d 1099, 1103, 1104 (6th Cir.1985), and even if this Court construes the *Rucker* holding broadly so as to encompass Rule 60(b) motions, it would not cast doubt on the Court's authority to adjudicate the instant motion; the kinds of orders issued by the district court in *Rucker* are not the same as this Opinion and Order. If the district court in *Rucker* had treated the plaintiff's motion as one under Rule 60(b), it should have followed the procedures presented in *Hirsch.* Since it did not enter a tentative ruling on the motion, allowing the court of appeals to remand the case, it did not have jurisdiction to enter a final order granting the plaintiff's motion to reconsider, the first post-appeal order. Thus, the appellate court properly treated this order granting relief from judgment as a nullity. The second two orders involved successive reconsiderations of the first order and second order respectively. Given that the first post-appeal order was a nullity, though, the second and third post-appeal orders constituted motions to reconsider null orders which rendered them null in turn. Even if these orders did act so as to aid the appeal, then, their origin in the null first post-appeal order vitiated their validity.

Here, by contrast, this Opinion and Order does not hinge on the existence of a prior order which may be null. The Court is considering the plaintiffs' motion for the first time. During the pendency of the

appeal in this case, then, the Court could have denied the motion or could have followed the procedures in *Hirsch*. In either case, the Court would not be without authority to reach the merits of the plaintiffs' motion.

■ Although the Court holds that the appeal never did deprive it of at least a limited authority to consider the merits of the motion, the termination of the appeal unquestionably removed any impediment to the consideration of the merits. Once an appellate court has rendered its decision, the appeal is no longer pending before it. The appellate court has relinquished jurisdiction over the merits of the matter. Accordingly, a district court may entertain Rule 60(b) motions filed *after* an appellate court disposed of an appeal, without first obtaining leave of the appellate court. *Standard Oil Co. v. United States*, 429 U.S. 17, 17, 97 S.Ct. 31, 31, 50 L.Ed.2d 21 (1976) (per curiam); *see Johns–Manville Corp. v. Guardian Indus. Corp.*, 116 F.R.D. 97, 101 (E.D.Mich.), *appeal dismissed*, 835 F.2d 871 (6th Cir.1987).[6]

Unlike the motions filed in *Standard Oil* and *Johns–Manville*, however, the plaintiffs here filed their motion *before* the appellate court decided the plaintiffs' appeal. The plaintiffs' Rule 60(b) motion filed about a month after their notice of appeal remained pending during and after the plaintiffs' appeal. Accordingly, the motions addressed in *Standard Oil* and *Johns–Manville* were not before those courts in quite the same procedural posture as the one filed by the plaintiffs in this case.

Nevertheless, the Court has already noted that the notice of appeal transferred to the Sixth Circuit jurisdiction over the segment of the case which is the subject of the appeal. The Court also noted that it re-

tained and still possesses a certain residual jurisdiction over the merits to address Rule 60(b) motions. Moreover, when the court of appeals disposed of the plaintiffs' appeal, it gave up jurisdiction over the merits. Such jurisdiction returns to the district court. This principle entails that the Court would have jurisdiction to entertain Rule 60(b) motions filed after the appellate court resolved the plaintiffs' appeal, it gave up jurisdiction over the merits. Such jurisdiction returns to the district court. This principle entails that the Court would have jurisdiction to entertain Rule 60(b) motions filed after the appellate court resolved the appeal. *See Standard Oil*, 429 U.S. at 17, 97 S.Ct. at 31; *Johns–Manville*, 116 F.R.D. at 101. Therefore, the court holds that it possesses jurisdiction to rule upon the plaintiffs' Rule 60(b) motion, which the plaintiffs filed before the appellate court's decision.

## II. GROUNDS FOR RECONSIDERING THE MERITS UNDER RULE 60(b)(2)

The second threshold issue the Court must decide is whether the plaintiffs have shown sufficient grounds for considering the new evidence that forms the basis for its motion. Fed.R.Civ.P. 60(b)(2). The burden is on the plaintiffs to show why the Court should grant them relief. To merit relief under the rule, the plaintiffs must show that the evidence "by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." *Id.* Here, the case came before the Court for judgment on a summary judgment motion. To satisfy the rule in this case, then, the plaintiffs must convince the Court not only that an exercise of due diligence would not have revealed the evidence in

---

**6.** See generally 7 *Moore's Federal Practice, supra* note 2, ¶ 60.30[2], at 60–340, 60–342 to –343; C. Wright, A. Miller & F. Elliott, *Federal Practice and Procedure* § 2873, at 95 & n. 33 (Supp. 1989).

In general, "[i]ssues decided at an earlier stage of the litigation ... constitute the law of the case." *Johns–Manville*, 116 F.R.D. at 101. "This rule ordinarily precludes a court from re-examining an issue previously decided by itself or a higher court." *Id.* Nonetheless, an

"appellate mandate relates to the record and issues then before the court." *Standard Oil*, 429 U.S. at 18, 97 S.Ct. at 32. The evidence in question here, discovered after the notice of appeal, was not before the appellate court. Its decision does not take the evidence into account. Accordingly, this Court does not flout the Sixth Circuit's opinion by considering the evidence here, the effect of which might be to alter the Court's original holding which the Sixth Circuit affirmed. *See id.*

question during the pendency of the summary judgment motion, but that it would not have given the plaintiffs an opportunity to move under Rule 59(e) for a new trial within ten days after the entry of judgment for the defendants. *See Pierce v. UMW of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985), *cert.* need not even consider the merits of the motion, even if the evidence warranted a change in holding.

To explain why the plaintiffs did not previously disclose the information, the plaintiffs' General Counsel stated that the billing statements were in his custody, but that he did not find them until after the Court had granted the defendants summary judgment. Kahn Aff. ¶¶ 2, 5, at 1–2. The defendants counter by arguing that the plaintiffs failed to exercise due diligence in the course of finding this evidence. Given that the evidence was in the plaintiffs' possession before, during, and after the issuance of this Court's Opinion and Order, they should have found the billing statements and should have submitted them long ago. Thus, the defendants characterize the evidence, not as "newly discovered," but rather only as "newly produced."

■ The Court agrees with the defendants. The plaintiffs had possession of the documents and yet failed to bring it to the Court's attention. The plaintiffs present no reason why the documents were inaccessible; they cannot explain why they could not have found the statements and presented them to the Court prior to taking the summary judgment motion under advisement, or at the latest, ten days after the Court entered the judgment for the defendants. Therefore, the Court concludes that the plaintiffs failed to show why the documents could not have been discovered earlier by an exercise of due diligence. Accordingly, the plaintiffs are not entitled to relief from judgment under Rule 60(b)(2).

from judgment for "any other reason justifying relief" on account of new evidence, Fed.R.Civ.P. 60(b)(6), despite the fact that they cannot proceed under the provision allowing for relief due to "newly discovered evidence," Fed.R.Civ.P. 60(b)(2). Without addressing this issue, the plaintiffs simply state that they are entitled to relief under Rule 60(b)(2) and Rule 60(b)(6) under the assumption that Rule 60(b)(6) could offer relief even if Rule 60(b)(2) relief were unobtainable. The defendants, however, argue that the plaintiffs claim falls under Rule 60(b)(2); accordingly, their prospect for relief turns solely on a consideration of Rule 60(b)(2). Rule 60(b)(6), then, simply does not apply. Therefore, if the plaintiff cannot succeed under Rule 60(b)(2), then Rule 60(b)(6) cannot salvage the plaintiffs' position.

The general rule is that Rule 60(b)(6) relief is available only if the reason purportedly justifying the relief is one other than those enumerated in the other five subsections of Rule 60(b). *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989); *Smith v. Secretary of Health and Human Servs.*, 776 F.2d 1330, 1333 (6th Cir.1985). The Court of Appeals for the Sixth Circuit held in *Smith* that a motion based upon excusable neglect fell within the clause dealing explicitly with that type of reason for seeking relief, Fed. R.Civ.P. 60(b)(1). Thus, the Rule 60(b)(6) catchall provision could not offer the movant relief.

■ In this case, the plaintiffs' rationale for relief falls under the rubric of "newly discovered evidence." The plaintiffs must proceed under the subsection dealing with newly discovered evidence, Fed.R.Civ.P. 60(b)(2), and the motion must either succeed or fail under an analysis of it. Rule 60(b)(6) does not apply. Since the plaintiffs cannot prevail on their Rule 60(b)(2) claim, therefore, Rule 60(b)(6) cannot offer the plaintiffs relief in its stead.

### III. GROUNDS FOR RELIEF UNDER RULE 60(b)(6)

The next issue is whether the plaintiffs can proceed under the provision for relief

### IV. NATURE OF THE EVIDENCE PRESENTED

■ Even assuming that the plaintiffs could proceed under Rule 60(b)(2) despite

their lack of due diligence in finding the evidence, or that the plaintiffs could proceed under Rule 60(b)(6), the evidence presented would not merit relief from judgment. It simply does not alter the Court's understanding of the relationship between the parties as it existed in 1982.

The plaintiffs posit that the billing statements show an ongoing, continuous attorney-client relationship beyond the alleged termination date of February 16, 1982. The plaintiffs characterize the February 16 letter as a unilateral demand for termination, not an actual termination. The plaintiffs claim, then, that their malpractice claim did not accrue at least until July 1982 at the termination of the Brownfield firm's legal services. Their conclusion is, therefore, that the suit brought in May 1983 was not time-barred because they filed this action within one year from July 1982. The defendants do not deny that the Brownfield firm performed legal services for the plaintiffs, but instead argue that the firm terminated its attorney-client relationship with the plaintiffs by letter on February 16, 1982. Whatever services the defendants rendered thereafter were in accordance with a new limited relationship begun on March 12, 1982. This relationship, however, is not a continuation of the old affiliation. Thus, the defendants characterize the services as those appropriate for a "winding down" period of the relationship between the parties.

The Court finds the defendants' characterization to be more accurate than that of the plaintiffs. In ruling on the summary judgment motion, the Court has already noted that the defendants provided services to the plaintiffs after February 16, 1982. *Flynt v. Brownfield, Bowen & Bally*, No. C–2–83–0952 (S.D.Ohio Mar. 29, 1988) (granting summary judgment), *aff'd*, 882 F.2d 1048 (6th Cir.1989). The Court stated that "in today's business world, professional relationships do not generally terminate without a 'winding down' period." *Id.*, slip op. at 6. "The Court is not at all surprised, therefore, that defendants continued to provide limited services for plaintiffs until substitute counsel was retained." *Id.*[8]

The Court, then, was well aware when the summary judgment motion was under advisement that the Brownfield firm had provided services after March 1982. Therefore, this "newly-discovered" evidence could not possibly enlighten the Court as to the *existence* of such legal services and therefore it could not justify relief for judgment on the grounds that the Court previously had not known of the provision of such services.

Nonetheless, from the Court's reading of the somewhat parsimonious memorandum in support of the motion, the plaintiffs are somewhat impressed with the *magnitude* or *quantity* of legal services rendered after the February 16 letter. Perhaps, the argument might go, the Court was unaware of the amount of legal services rendered. Therefore, the Court might now conclude that an ongoing relationship existed in view of the extent of the services rendered as shown by the billing statements.

Such an argument is, however, unavailing. The Court has already held that the February 16, 1982 letter terminated the attorney-client relationship. An "attorney-client relationship is consensual and the actions of *either* party can affect its continuance." *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1052 (6th Cir.1989). The letter was a positive step taken to place the plaintiffs on notice that the attorney-client relationship was over. This holding of the Court, affirmed by the Court of Appeals for the Sixth Circuit, is directly contrary to the continued bootless insistence of the plaintiffs to characterize the February 16 letter as merely a unilateral *demand* for termination.

After the Brownfield firm terminated the attorney-client relationship on February 16 with its letter, it entered a limited relationship with the plaintiffs on March 12. The defendants provided legal services from March 12 until July pursuant to that limited relationship. The *quantity* of the hours

---

8. *See also Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1049, 1052 (6th Cir.1989) (parties entered into a new, limited relationship after March 12, 1982).

billed, then, were wholly irrelevant. This Court's holding and that of the Court of Appeals turned instead on the *quality* of the relationship between the parties. The new relationship was not a continuation of the attorney-client relationship because the " 'mutual confidence' so essential to the attorney-client relationship must be regarded as lacking in the carefully limited professional arrangement that the defendants entered into in response to threatened legal action by the plaintiffs." *Id.*

In describing the March 12 agreement as a "limited relationship," the Court was not referring to a limit on the quantity of services rendered, but instead to the character of the relationship and the circumscribed purpose of the affiliation. The factors relevant to the character of the relationship include the destruction of the "mutual confidence" between attorney and client, *Brown v. Johnstone,* 5 Ohio App.3d 165, 166, 450 N.E.2d 693, 695 (1982), and the threat of the plaintiffs to bring a malpractice suit. The purpose of the relationship was to wind down the business between the parties. From an examination of the billing statements, the major thrust of the Brownfield firm's efforts during the months in question was to complete the appellate process in *Guccione.* That is, the Brownfield firm's goal was to finish the various matters which it had started and nothing more.

In short, the letter of termination, the shattered mutual confidence, the threatened lawsuit, and the limited scope of the new affiliation all indicate that the attorney-client relationship between the parties ended in February 1982. The magnitude of the services rendered after March 1982 is therefore immaterial to the question of whether an ongoing attorney-client affiliation existed between the parties. The evidence tends to show only that the Brownfield firm spent a significant amount of time in winding down matters for the plaintiff. It cannot itself demonstrate an ongoing attorney-client relationship since the character of the affiliation involved factors other than the rendering of considerable legal services. Therefore, the new evidence could not disturb the holding of

this Court even if the plaintiffs had brought it before the Court properly. Relief from judgment under either Rule 60(b)(2) or Rule 60(b)(6) would therefore be unwarranted.

## V. CONCLUSION

Although this Court has jurisdiction to consider the plaintiffs' motion for relief from judgment on account of "newly discovered" evidence, the plaintiffs failed to show that they could not have brought the evidence to the Court's attention earlier. Moreover, Rule 60(b)(6) does not apply since the plaintiffs' claim falls within the scope of Rule 60(b)(2). Finally, even if the Court were to consider the evidence presented, it would not change the Court's holding.

WHEREUPON, upon consideration and being duly advised, the Court finds the plaintiffs' motion for relief from judgment to be without merit, and it is, therefore, DENIED.

IT IS SO ORDERED.