98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonzo PERKINS, Defendant-Appellant.
 No. 96-6193.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1996.
 
 W.D.Tenn., No. 94-20276; Julia Smith Gibbons, Chief Judge.
 W.D.Tenn.
 APPEAL DISMISSED.
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 The defendant appeals an order of the district court denying his post-judgment "Motion to Supplement the Record with Newly Discovered Evidence, Dismiss the Case or Set Aside Jury Verdict." We conclude we have no jurisdiction in this matter.
 
 
 2
 The defendant was convicted by a jury for the offense of possession with intent to distribute cocaine and cocaine base. He appealed his conviction and sentence and that appeal is pending before this court as Case No. 96-5337. Three months after the appeal was docketed with this court, he returned to the district court with the above motion. In essence, he asked the district court to direct a certain letter (not in his possession) be made a part of the record on grounds it showed the primary witness against the defendant had been accorded favorable treatment in a state court matter in exchange for his testimony--a fact the defendant alleged was not made known to him at the time of trial. In an order of August 12, 1996, the district court denied that motion, holding it lacked jurisdiction to rule thereon because of the appeal pending before this court. The district court also informed the defendant, however, that he could proceed in this matter by filing, pursuant to Rule 33, Fed.R.Crim.P., a motion for a new trial based on newly discovered evidence. Citing caselaw from this court, the district court stated it could then either deny the motion (thus permitting the defendant to file an appeal) or certify its intention to grant the motion (thus permitting the defendant to file a motion to remand with this court). The defendant filed a notice of appeal from that order.
 
 
 3
 We are now informed the defendant filed (on August 27, 1996) a motion for a new trial in the district court. The plaintiff filed a response on September 6, 1996, and the motion remains pending before the district court. Should the district court deny the motion, the defendant may appeal such denial to this court. Should the district court certify its inclination to grant the motion, the defendant may file a motion to remand as part of his appeal in Case No. 96-5337. See United States v. Blanton, 697 F.2d 146, 148 (6th Cir.1983); United States v. Phillips, 558 F.2d 363, 363 (6th Cir.1977). This procedure permits a defendant to raise issues of newly discovered evidence before the district court without unduly interrupting the direct appeal from the underlying conviction. Because the defendant is permitted a future remedy whatever decision the district court makes, the present appeal is premature in this matter and unnecessary for proper and timely appellate review.
 
 
 4
 It therefore is ORDERED that this appeal is dismissed sua sponte for lack of jurisdiction.