**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard NELLER, Defendant–
Appellant.**

No. 00–3525.

United States Court of Appeals,
Sixth Circuit.

April 30, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.*

*ORDER*

Richard Neller, a federal prisoner, appeals a district court order denying post-conviction motions for discovery and for a new trial based upon newly discovered evidence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Neller was convicted on November 13, 1996, on one court of conspiracy to distrib-

---

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

ute cocaine, marijuana, and heroin and four counts of unlawful use of a communications facility. After denying a motion for a new trial, the district court sentenced Neller to 70 months in prison and four years of supervised release. The judgment was entered on September 4, 1997. Neller's appeal was docketed in this court as Case No. 97–4053. A panel of this court affirmed Neller's conviction in an unpublished opinion. See *United States v. Neller*, Nos. 97–3630, etc., 2000 WL 1234330 (6th Cir. Aug.25, 2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 892, 148 L.Ed.2d 799 (2001), *and petition for cert. filed* (Jan. 29, 2001) (No. 8328).

On November 15, 1999, while his initial appeal was pending, Neller filed in the district court a motion for discovery and a second motion for a new trial. The latter motion was based upon newly discovered evidence.

In an order filed on April 7, 2000, the district court denied both motions. "[D]ue to the length of time the appeal has been pending and the fact that the record is in the Court of Appeals," however, the denial was made subject to a right to renew the motions following the return of the case from the court of appeals. Neller timely appealed from the April 7 order.

Citing *United States v. Blanton*, 697 F.2d 146 (6th Cir.1983), both parties in this case request a remand for reinstatement of the motion for a new trial. In *Blanton*, this court outlined the options for the district judge where, as here, a defendant files a motion for a new trial under Rule 33 while his appeal is pending.

> While under Rule 33, he may not *grant* a new trial without a remand, he nevertheless has three choices. First, if he deems it likely that he would grant a new trial he may so certify. The court of appeals can then, in its good judgment, determine whether the ends of justice would be most efficiently served by proceeding first to determination of the merits of the appeal as it then stands, or whether to terminate the appeal altogether and remand for a new trial. Second, if the trial judge is satisfied that he would not grant the motion for new trial in any event, he may deny the motion outright. In that case, an immediate appeal may be taken and consolidated with the pending appeal. As a third option ... the trial judge may merely decline to certify, i.e., decline to rule with finality on the motion until after the appeal is concluded. Since this is not a final order and hence is not appealable, the motion may be reasserted, under Rule 33, when the case returns from the court of appeals.

*Id.* at 148 (emphasis in original; internal citations omitted).

Although the district court in Neller's case quoted much of the forgoing passage, the court did not exactly follow the third option outlined in *Blanton;* it did not, in form, "decline to certify—*holding the motion in abeyance pending resolution of the appeal." Id.* (emphasis added). That, we believe, would have been the appropriate course in this case.

Accordingly, the order denying Neller's motion for a new trial is vacated, and the case is remanded for a determination of the motion on the merits. In light of our disposition of this issue, we do not reach the separate issue regarding the denial of Neller's discovery motion.